# CHARLESTON.

## CUNNINGHAM *v.* CUNNINGHAM.

Submitted January 17, 1888.—Decided January 28, 1888.

1. WILLS—CONSTRUCTION—CHILDREN SUBSEQUENT TO EXECUTION—CURTESY—HUSBAND AND WIFE.

A married woman by will devised and bequeathed all her estate, real and personal, to her husband. At the time she made the will she had no children, but afterwards she had children, who survived her. *Held:*

I. By operation of the statute, (Code, ch. 77, § 16,) the said devise and bequest to the husband is limited to take effect

only in the event the said children die unmarried and without issue.

II. The husband, by virtue of his material right, is entitled to curtesy in the real estate of which the testatrix died seized, notwithstanding he failed to renounce the provisions of the will made in his favor, according to the provisions of Code, ch. 78, § 11.

III. But, by reason of his failure to renounce the provisions of the will, his right to any distributive share of the personal estate is barred.

*John Osborne* for appellant.

*A. F. Mathews* for appellees.

SNYDER, JUDGE:

Jane Cunningham, a married woman, the wife of George W. Cunningham, being the owner of a tract of land and certain personal property, as her separate estate, by will dated August 19th, 1879, devised and bequeathed said land and said personal property to her husband absolutely. At the time this will was made the testatrix had no children; but between that time and her death, which occurred in 1883, she had two children, a son and a daughter, who survived her, and are still living. The will was duly admitted to probate in Monroe county, where the parties resided in 1883. The husband took possession of said land and personal property; claimed the same as tenant by curtesy and distributee. In November, 1886, the two infant children of the testatrix, by their next friend, instituted this suit in the Circuit Court of Monroe county against their father, the said George W. Cunningham, in which, after stating the foregoing facts, they allege that the defendant, claiming to own the whole of said property absolutely, under said will, has converted the personal estate to his own use, and is selling the timber off the land, and has attempted to sell a part of the land itself. They also aver that the defendant never renounced the provisions of the will, and that therefore he is not entitled to an estate by curtesy in the land, or any distributive share of the personalty. They pray that the defendant be enjoined from selling the land, or any of the timber therefrom, and that he may be required to account for

the personal estate, etc. The defendant demurred to and answered the bill. The answer admits the material facts alleged in the bill, but denies the legal conclusions asserted therein. The Circuit Court, by its decree of March 26th, 1887, overruled the demurrer to the bill, and decreed that the plaintiffs, the children of the testatrix, are entitled to take and hold all the property, both real and personal, of which their mother died seized and possessed by an estate absolute, defeasible only in the event of their dying unmarried and without issue, and in that event the property will pass under the will to the defendant; and referred the cause to a commissioner to report an account of the acts of the defendant as executor *de son tort* of the testatrix, etc. From this decree the defendant has appealed.

Our statute provides that if a person die leaving a child, and leaving a will made when such person had no child living, such will shall be construed as if the devises and bequests therein had been limited to take effect in the event that the child shall die unmarried and without issue." Section 16, ch. 77, Code. The facts here bring this case clearly within the statute. The only question, then, to be determined, is whether or not the failure of the defendant to renounce the will is a bar to his right to take anything under the law as husband. The statute by which it is claimed the bar is effected, provides that a wife may, within a year from the time the same is probated, renounce the provisions made for her in her husband's will, and then, after prescribing the manner in which the renunciation shall be made, it declares : ". If such renunciation be made, or if no provision be made for her in the will, she shall have such share of her husband's real estate and personal estate, as she would have had if he had died intestate, leaving children ; otherwise, she shall have no more thereof than is given her by the will. A husband may, in like manner, renounce a provision made for him in the will of his wife; and in such case, or if no provision be made for him in the will, he shall have such share of his wife's estate, real or personal, as he would have had if she had died intestate, leaving children ; otherwise, he shall have no more thereof than is given him by the will." Section 11, ch. 78, Code. It will be observed that this statute does not in

terms limit the time within which the husband shall renounce the will, as it does in the case of the wife. It merely says: "A husband may, in like manner, renounce," etc. But, as there was no attempt by the husband in this case to renounce at any time, it is unnecessary to consider whether or not the statute, by implication, limits him, as it does the wife, to one year. The statute of Virginia (sec. 12, ch. 128, Code 1860) from which this statute is in part taken, made no provision for the husband to renounce the will of his wife, for the sufficient reason that, according to the then law of Virginia, a married woman could not make a will, except for the disposition of her separate estate, or in the exercise of the power of appointment. And the Virginia statute related to personal estate only; so that it in no manner affected her right to dower in real, estate. *Wiseley* v. *Findlay*, 3 Rand. (Va.) 361; *Blunt* v. *Gee*, Call 481. The whole of the provision of this statute relating to the husband, and that part of the provision relating to the wife which affects her right of dower in real estate, were first incorporated in the law of this State by the Code of 1868. These changes in the statute were evidently made because of other provisions of law which were for the first time adopted in this State by that Code. Among these is chapter 66, concerning the property and rights of a married woman; and clause 2, § 1, ch. 78, concerning decents and distributions, which provides, in the case of a person dying intestate as to any real estate of inheritance, it shall descend, "if there be no child, nor the descendants of any child, to the wife or husband of the descedent." And the provision in the Virginia statute restricting the power of the wife to make a will was wholly omitted and repealed.

In respect to dower, the provision of the Virginia Code was retained in the Code of 1868, and is still the law of this State. It is in these words: "If any estate, real or personal, intended to be in lieu of her dower, shall be conveyed or devised for the jointure of the wife, such conveyance or devise shall bar her dower of the real estate, or the residue thereof." Section 4, ch. 70. In this condition of the legislation of this State, this Court, in *Shuman* v. *Shuman*, 9 W. Va. 50 decided, that where a husband, during coverture, conveyed

a tract of land by deed in which his wife did not join, and afterwards made a will in which he made a liberal provision for his wife in both real and personal property, and the widow failed to renounce the will within one year, notwithstanding her failure to renounce the will, the widow was entitled to dower in said tract of land, because, upon a fair construction of the will, it plainly appeared that the testator did not intend to exclude her from dower in said tract of land. In that case it was contended that the aforesaid section 11 of chapter 78, when any provision is made for the wife in the will, operates as a jointure *per se*, requiring in all cases a renunciation of the will, in order to prevent the bar of the right of the widow to dower. Edmiston, J., in delivering the opinion of the court, in reply to this contention says: "If this is so, it was very useless in those who framed the Code [1868] to revive the sections in the chapter upon dower upon the subject of jointure;" referring to section 4, ch. 70, above quoted. "It is not to be presumed, therefore, that the provisions upon that subject were to be a dead letter, but, on the contrary, we are to suppose that those provisions were to be of some force under certain circumstances. My view of the question is that this section does not, as of necessity, operate as, or to the extent of, a jointure, but that it may, depending upon the true intent and meaning of the testator. It certainly does operate *per se* to preclude the widow, without renunciation, of all participation in the real and personal property of which the testator died the owner. But this is not always the extent of the dower rights of the widow. To bar the dower rights, it must appear, from the true construction of the will, that the provision so made was intended to have that effect. If it appears from the whole will, and especially the disposition of the property, with such facts as are proper to be looked to outside of the will, that the testator intended to exclude his wife from dower, then she will be put to her election. He is not required to express it in so many words, but it must be deducible from the whole will, and such facts as throw light thereon. It is a proposition applicable to all cases, that a person who is entitled to any benefit under a will or other instrument must, if he claims that benefit, abandon every

right or interest, the assertion of which would defeat, even partially, any of the provisions of that instrument." This decision, having been concurred in by two judges, is, under our Constitution, not law outside of the particular case. I have therefore not given it as a precedent, but quoted the argument from the opinion because I regard it as giving the true construction of the statute, as well as the reason therefor. These views, if not directly, have certainly incidentally, been acted upon and approved by this Court in subsequent cases. *Tracey* v. *Shumate*, 22 W. Va. 474; *Atkinson* v. *Sutton*, 23 W. Va. 197. See, also, *Douglas* v. *Feay*, 1 W. Va. 26; *Higginbotham* v. *Cornwell*, 8 Grat. 83. Upon reason and the foregoing authorities, it seems to me that the true and reasonable interpretation of said eleventh section, construed with reference to the other statutes above referred to, must be that to bar the right of the widow to dower, under a will in which she is a beneficiary, and has not renounced the will, it must appear from the true construction of the will, and the attendant facts proper to be considered in connection with it, that the provision made for the wife in the will was intended by the testator to be in lieu of her dower; otherwise, she will not be required to renounce the provision made for her in the will in order to entitle her to dower. If it does not appear that the provision so made for her was intended to be in lieu of dower, then the widow may consistently take both dower, and the provision made for her by the will. But if the will in terms declares, or the facts and circumstances show, that the provision made for the widow in the will was intended by the testator to be in lieu of her dower, then; unless she renounce the will, she can take only what is given her by the will, and will not be entitled to dower.

Our statutes in respect to curtesy are found in chapter 65 of the Code,—the same chapter which embraces the subjects of dower and jointure. Sections 15 and 16 provides as follows : (15) "If a married woman die seized of an estate of inheritance in lands, her husband shall be tenant by the courtesy in the same." (16) "If any estate, real or personal, be delivered by the wife to the husband in lieu of his courtesy, and he accepts the same, he shall be barred of his courtesy in

the residue thereof." This statute, unlike the one in relation to dower, makes no provision under which the wife can bar the curtesy of her husband. It is only by an estate "delivered by the wife to the husband in lieu of his curtesy," and accepted by him, that will bar his curtesy. Under this statute, curtesy cannot be barred by a provision of the will of the wife, even when it is expressed to be for that purpose; but such bar can be made effectual only by agreement between husband and wife *inter vivos ;* that is, by the wife delivering to the husband an estate which he agrees to accept in lieu of his curtesy. The husband takes his curtesy in his wife's lands by operation of the law and his marital rights, and not at the option of his wife. The law makes his right absolute, and wholly independent of the power of the wife. The only power the wife has to deprive him of this right is that she may, by his consent, deliver to him an estate in lieu of his curtesy. If she does not do this in her life time she can not effect it by any provision in her will, which can not take effect until her death, and therefore can not operate as an agreement, such as is required by the statute, to bar curtesy. The husband may, as we have seen, by the provisions of his will, bar the dower of his wife, or, at least, compel her to elect whether she will take the provision made for her in lieu of dower, or whether she will renounce the will, and take under the law. But the wife can not, as we have shown, compel the husband, by any provision of her will, to make such election. Unless he has, by an agreement *inter vivos,* barred his curtesy, then he may take under the will without affecting his right to curtesy. The conclusion is thus made inevitable, that if the wife, when it does not appear that the provision for her in the will was intended by the testator to be in lieu of dower, may, without renouncing the will, take both under it, and dower under the law, the husband, who has not, by agreement with his wife, accepted an estate in lieu of his curtesy, will be entitled, without renouncing the will, in like manner to take both under the will and the law ; that is, he may in such case take under the will without impairing his marital right to curtesy.

In regard to the personal estate of the wife, the law gives the husband no right to a distributive share thereof, except

where he renounces the will, or the wife dies intestate. Section 9, ch. 78, Code. If, in the case at bar, the husband had renounced the provisions of the will in his favor, the wife, as to him, would be treated as having died intestate, and he in that event would have been entitled to one third of her personal estate, she having left children to survive her ; but, as the husband has failed to renounce the will, he is barred by the statute from taking any share of the wife's personal estate. Under the will, he is entitled to a contingent fee in the estate devised to him, which can only become a vested estate in the event the children, the plaintiffs in this suit, die unmarried and without issue. This is the only estate he is entitled to under the will, but he is also entitled, under the law, to his curtesy in the said real estate.

For these reasons, I am of opinion that so much of the decree of the Circuit Court of March 26, 1887, as decides that the defendant, George W. Cunningham, by his failure to renounce, in the manner prescribed by law, the provisions made for him in the will of his wife, and by his election to take under said will, is barred of his courtesy in the real estate mentioned in said will, is erroneous, and must be reversed, and this cause remanded to said court for further proceedings.

REVERSED. REMANDED.