# CHARLESTON.

BEIRNE'S EX'RS. v. BEIRNE et al.

33  663<br>46  246

Submitted January 27, 1890.—Decided March 10, 1890.

1. WILLS—CONSTRUCTION.

O. B., on the 30th day of November, 1868, conveyed to his daughter S., the wife of H. R., 1,000 acres of land, situate in Monroe county, W. Va., and she, on the 15th day of January, 1869, devised said land to her said husband. In February, 1871, said S., became the mother of a female child named S. B. R., which proved to be imbecile, and shortly afterwards said mother died. H. R., on the 12th day of August, 1885, sold and conveyed said land, with covenants of special warranty, to O. B., in consideration of $100,000.00 and also in consideration of the support for life of said infant, which deed was accepted and placed on record,

and possession was taken of said land thereunder. On the 26th day of December, 1885, O. B. made his will, reciting therein his obligation for the support of said infant, and provided a mode of discharging it by setting apart the revenues of said land for the purpose, directing it to be managed by his executors, and giving the residue of said revenue, if any, to his daughter N. V. A., and allowing her a residence in the house on said land during her life, O. B. died on the 21st of April, 1888, and H. R. died in October, 1888. In December, 1888, the executors of said will brought this suit for the construction of said will, and for directions from the court to enable them to properly execute the same. *Held*, that the facts of this case were not such as to make it a case for election. 2. By directing the revenues arising from the Walnut grove farm to be applied first to the support of said infant, and the residue, if any, to be paid over to his daughter N. V. A., the testator did not thereby give the personal estate on said farm to either of said beneficiaries, although he directed his executors to manage said farm, and so apply said revenue. 3. By the conveyance made by H. R., to said O. B. he took a life-estate in said Walnut grove farm, which continued until the death of said H. R., and also an executory interest in fee contingent upon the death of Susie B. Robinson, dying unmarried, and without issue. 4. At the time of the death of said O. B., when his will took effect, he had a right to dispose of the rents and profits of Walnut grove farm, and to confer on his daughter N. V. A. the privilege of residing in the house situated thereon, and this right continued until the death of H. R.

2. WILLS—HUSBAND AND WIFE—CURTESY.

A husband, although failing to renounce the provision of a will made in his favor by his wife, who had no children at the date of the will, will not be deprived of his curtesy by an after-born child that survived his wife.

*J. W. Harris*, for appellant.

*F. Hereford*, *H. A. Holt* and *J H. Holt* for appellees.

ENGLISH, JUDGE:

Oliver Beirne, a resident of the county of Monroe, on the 30th day of November, 1868, conveyed to his two daughters, Susan Robinson, wife of Henry Robinson, and Nannie Parkman, now Nannie Von Ahlefeldt, about 2,000 acres of land lying north of the town of Union in said county. To Susan he granted 1,000 acres of said tract, to be laid off from the southern part thereof, next to the said town of Union, on which are the houses and buildings then occupied by said Henry Robinson, for her sole and

separate use, free from the marital control of her said husband, with the condition that the said Nannie Parkman was to have a home at the house and with the family of said Henry and Susan Robinson as long as the said Nannie should remain single, and to said Nannie Parkman he granted the residue of said tract, supposed to be about 1,000 acres, being the northern portion of said land, subject, however, to the condition that the said Susan Robinson should have, for her sole and separate use, the control, issues, and profits of the said land thereby granted to said Nannie during the life of the said Oliver Beirne. By her last will and testament, dated on the 15th day of January, 1869, the said Susan Robinson gave and bequeathed to her husband, Henry Robinson, all of her property of every description, and died in the month of February, 1871, leaving an infant child, named Susie Beirne Robinson, who was born subsequent to the date of said will, and is now living, although a permanent imbecile, both in mind and body.

On the 12th day of August, 1885, said Henry Robinson conveyed with special warranty, by deed of that date, to said Oliver Beirne said 1,000 acre tract of land which had been devised to him by his wife, the said Susan Robinson ; also all of the personal property thereon, with the exception of the fat cattle, in consideration of the sum of $100,000.00, and also for the further consideration of the support for life of the said Susie B. Robinson, which deed was accepted by said Oliver Beirne, and placed upon record, and possession of said land was taken in pursuance thereof, and retained during his life.

Said Oliver Beirne died on the 21st day of April, 1888, having made and executed his last will and testament on the 26th day of December, 1885, in which he recognizes the obligation assumed by him in accepting said deed from Henry Robinson, to take care of and provide for said Susie Robinson, his granddaughter, so long as she may live, by setting apart, in the first clause of his will, the property known as " Walnut Grove," purchased from said Henry Robinson, to be managed by his executors, and directs that so much of the revenue arising therefrom as might be necessary for the comfortable support of said Susie Robinson should be

appropriated for said purpose, and the residue, if any, should be paid over to his daughter Nannie Von Ahlefeldt, who should have the privilege of a residence in the house as long as she lived, and if she should survive the said Susie Robinson, in that event the said property was to revert to her, and if the said Susie Robinson should survive her Aunt Nannie, that at her death the property was to be divided among his legal heirs.

Now from the date of the deed made by Henry Robinson to Oliver Beirne, on the 12th day of August, 1885, until the death of said Beirne, which occurred on the 21st of April, 1888, said Beirne was entitled to and in possession of a freehold estate in said land by virtue of said Henry Robinson's curtesy, with a fee-simple interest contingent upon Susie Beirne Robinson dying unmarried, and without issue, and if said Henry Robinson had outlived his daughter, Susie, then said Oliver Beirne would have taken a fee-simple in said property. Said Robinson, however, died in October, 1888, and his said daughter is still living, but the life-estate held by said Beirne continued until the death of said Robinson.

This suit was instituted in December, 1888, by Hugh Caperton and William Gaston Caperton, who had qualified as the executors of the last will and testament of said Oliver Beirne, to obtain a construction of said will, and for the purpose of obtaining proper directions from the court for carrying out the intentions of the testator. The principal controversy in this case grows out of the fact that, subsequent to the execution of said will by Susan Robinson on the 15th day of January, 1869, and shortly before her death, in February, 1871, she became the mother of said Susie B. Robinson.

The plaintiffs in the bill allege the facts in regard to the conveyance of said Walnut grove tract, containing 1,000 acres, to Susan Robinson, the wife of Henry Robinson, and her devise of the same to her said husband, and the subsequent purchase thereof by Oliver Beirne from said Henry Robinson for the sum of $100,000.00., and exhibit a copy of the will of said Oliver Beirne, showing his intended disposition of the same.

Susan B. Robinson answered the bill by "guardian *ad*

*litem,*" alleging that said Oliver Beirne was entitled to and held possession of said Walnut grove farm at the time of his death, and had the same well stocked with cattle, horses and all other personal property used in the conduct of such a farm, according to the best usages of the country, and that he had kept it so stocked since he acquired it from said Henry Robinson; that, according to the true interpretation of the will of said Oliver Beirne, she was entitled to have the executors of said Beirne continue the management of the said farm, keep the same well stocked, and provided with everything usual and proper, according to the course of good husbandry, and the manner in which said Beirne managed and conducted said farm, and to require said executors to pay over to her guardian so much of the proceeds of said farm, thus stocked and conducted, as would provide her with a comfortable support and maintenance, according to the manner in which she had been theretofore maintained, or her condition might thereafter require, dating said maintenance from the death of said Beirne; that it was not the intention of said testator to limit the benefaction in her behalf to the rents of said farm; that said Beirne was not the owner of said farm at the time of the making of said will, or at the time of his death, but had an estate therein for the life of said Henry Robinson only; that when said Beirne used the word "revenue" in his will he intended, as well because of the import of the word itself, as of the surrounding facts, the revenue derived from the farm stocked and conducted as it had been, because he only had it in his power to dispose of the rents for a limited period, and the rents would be insufficient for her support in the manner in which he had supported her, and intended that she should be supported; and she prays that the will may be construed, and proper directions given to the executors for the execution thereof, and that the said executors may be directed not to remove from said Walnut grove any of the property left thereon by said Beirne, except in the proper conduct and management of said place, and the conduct of said business, and out of the revenues of said place, so stocked and conducted as aforesaid, they be required to pay over to the guardian of said Susan B. Robinson such sums of money as might be necessary to provide for the proper care, maintenance, and support of said respondent.

Nannie Von Ahlefeldt also filed her answer to plaintiff's bill, disclaiming any interest under the will of said Oliver Beirne, except such interest as was devised to her in the tract of land known as "Walnut Grove," and bequeathed to her of the surplus revenues of said place, after providing for said Susie Robinson, as required by said will; alleging that what is meant by the word "revenue," as employed in said will, is the product of said place fully stocked and conducted, according to the course of good husbandry and good management, as was done by said Beirne during his lifetime, and as he left it at his death, and prays that her rights and interests in said Walnut grove property, present and prospective, may be declared and established.

The questions raised by these pleadings require a proper construction of the 1st, 9th, and 11th clauses of the will of Oliver Beirne, deceased, which read as follows:

"*First.* I have recently purchased from Maj. Henry Robinson what interest he had in that property known as 'Walnut Grove,' situated in the county of Monroe, West Va., which said property I have deeded to his deceased wife, Susan, my daughter, containing one thousand acres, for which I paid him in cash one hundred thousand dollars—much more than the property was worth—the consideration being that he relinquished all further claim to my estate that he might have through his daughter, Susie Robinson, who is a helpless imbecile, and at the same time turned over to me the said Susie Robinson, to be cared for by me, or my representatives, during her natural life. Now, therefore, I have set apart by this will this property, 'Walnut Grove,' to be managed by my executors hereafter named, and as much of the revenue as is necessary for the comfortable support of the aforesaid Susie Robinson be appropriated for said purpose, and the residue, if any, paid over to my daughter Nannie Von Ahlefeldt, who shall have the privilege of a residence in the house as long as she lives; and, if she should survive the said Susie Robinson, in that event the said property to revert to her, to be disposed of as she may see proper; but, if the said Susie Robinson should survive her Aunt Nannie, then at her death the property to be divided amongst my legal heirs, by division or otherwise, as they may elect."

"*Ninth.* I hereby authorize and direct my executors to sell and convey all or any portion of my estate or personal estate whenever in their judgment it will conduce to the interest of the estate, or the parties interested therein, Walnut grove excepted, as it has been set apart for a specified purpose in the first section of this will."

"*Eleventh.* My granddaughter, Susie Robinson, for whom I have made provision in the first clause of my will, is now at a private institution in the state of Massachusetts, where she is well and comfortably cared for, and, so long as the institution is under the same management, and she has the same care, it is in my judgment the best place for her ; but, in the event of any change in the institution, that might render her condition uncomfortable, I desire her guardian, my successor, to cause her removal to Walnut grove, or some other institution, and provide for her comfortable care and safety."

The interest acquired by said Oliver Beirne from Henry Robinson continued until it was terminated, with the exception of a contingent interest in fee, by the death of said Robinson, which occurred in October, 1888, about six months after the death of said Beirne, and from the date of said Robinson's deed, on the 12th day of August, 1885, to the death of said Robinson, in October, 1888, he and his executors were entitled to the control and disposition of the rents and profits of the interest aforesaid; and to the extent that he was interested in the rents and profits of the Walnut grove farm, he had a right to apply them to the support and maintenance of his granddaughter, Susie B. Robinson, and to the same extent could he confer the privilege of occupying the residence on said Walnut grove farm, and no further.

In order to ascertain the intent of the testator, we must look at the circumstances which surrounded him at the time of executing the will. When this will was executed, Henry Robinson was in life, and was still living at the time of the testator's death, with not only a possibility, but a probability, of his surviving his infant imbecile daughter ; and it was not only very natural, but appropriate, that he should direct that the income from the property he had intended for the mother should be applied to the support of the child, and this was evidently his intention, as it is certainly reasonable

to presume that a property costing $100,000.00—a farm of this value—would rent for a greater sum than $600.00, the amount that had been required for the support of said child; and, to show that he was of that opinion, he says in the said first clause, "I have set apart by this will this property, 'Walnut Grove,' to be managed by my executors hereafter named; and as much of the revenue as is necessary for the comfortable support of the aforesaid Susie Robinson be appropriated for said purpose, and the residue, if any, paid over to my daughter Nannie Von Ahlefeldt." The interest, however, which was derived by said Oliver Beirne from said Henry Robinson terminated by the death of said Robinson, which occurred in October, 1888, with the exception of an interest in fee, contingent upon the death of said Susie B. Robinson unmarried, and without issue, which he disposed of by his will; and this suit was not brought until December, 1888, so that at the time the decree was rendered, and for some time prior, the estate of Oliver Beirne had no interest in the said Walnut grove farm, except said contingent interest, and said Susie Robinson could derive nothing from that source that was not already her own.

The question as to whether this was a case for election is controlled by the *status* existing at the time the will took effect, to wit, at the death of the testator. At that time he had an interest in the property as vendee of Henry Robinson. This court has held in the case of *Cunningham* v. *Cunningham*, 30 W. Va. 600 (5 S. E. Rep. 139) that "the husband, by virtue of his marital right, is entitled to curtesy in the real estate of which the testatrix died seised, notwithstanding he failed to renounce the provisions of the will made in his favor, according to the provisions of Code, c. 78, § 11;" and by section 5, c. 71, Code, p. 616, it is provided that "any interest in, or claim to, real estate may be disposed of by deed or will. Any estate may be made to commence *in futuro* by deed in like manner as by will, and any estate which would be good as an executory devise or bequest shall be good if created by deed." Pomeroy, in his Equity Jurisprudence, volume 1, says:

§ 473. "Where, however, the subject-matter upon which the instrument operates is something in which the donor himself

has a partial interest, and the donee has also a partial interest in it, or the residue of the property in it, and the language of donation is susceptible of a construction which would confine it to this partial interest of the donor, it is plain that a judicial interpretation is needed to ascertain the real intent. Under these circumstances, whenever the testator or other donor has a partial interest in the property dealt with, it is well settled that the courts will lean most strongly—as far as possible, it has been said—in favor of an interpretation which will confine his disposition to this, his own interest, an interpretation which will show an intention on his part to deal only by way of gift with this partial interest which he holds. In other words, the difficulty of establishing a case for an election from the terms of a donation is much greater where the donor has a partial interest in the property bestowed than where he assumes to give an estate in which as a matter of fact, he has no interest."

§ 474. "A second important rule of interpretation is, where a testator has a partial interest in the subject-matter dealt with, a general devise of the property,   *   *   * described only in general terms,   *   *   * will ordinarily be construed as including and operating upon the partial interest alone," *etc.*

On the 6th day of June, 1889, said Circuit Court rendered a decree in this cause, holding that the said Oliver Beirne, by the acceptance of the conveyance from Henry Robinson, dated August 12, 1885, bound himself for the comfortable care, support, and maintenance of the defendant Susan Beirne Robinson during her natural life, and that his estate in the hands of his executors is so bound, declined to accept the provisions made for said infant in the will of said Oliver Beirne, and declared that the executors of said Oliver Beirne had no interest in, or right or authority over, the Walnut grove farm in the bill mentioned, and no right under said will to take or control the rents, issues, profits, or revenues thereof; that all the personal property left by him on said farm belongs to said executors, to be disposed of by them as other personal property of said testator; that the guardian of said Susan Beirne Robinson is entitled to take and hold said Walnut grove farm during the infancy of her said ward; that said

Oliver Beirne had no right to dispose of said farm, or the rents, issues, profits and revenues of said farm, during the lifetime of said infant; and that the provisions of said will, attempting to dispose of said rents, issues, profits, and revenues, and giving said Nannie Von Ahlefeldt a residence upon said place, are inoperative, null and void; that the said Oliver Beirne did have the right to dispose of said farm, such disposition to take effect in the event that said Susan Beirne Robinson should die unmarried, and without issue, and directed (1) that said executors should take, hold, and dispose of the personal property upon said Walnut grove farm in the same manner as they would dispose of any other personal property belonging to said estate; (2) that said executors should annually pay over to the guardian of said Susan Beirne Robinson such sums of money as may be necessary to properly take care of, support, and maintain said infant, as provided for in the deed of the 12th of August, 1885, from Henry Robinson to said Beirne, and that they retain in their hands a sufficiency of the estate of said Beirne for that purpose; (3) that in the event the said Susan Beirne Robinson should die unmarried, and without issue, and the said Nannie Von Ahlefeldt should survive her, the said Nannie Von Ahlefeldt will be entitled to, and shall take and hold, the said Walnut grove farm in fee-simple; (4) that should the said Nannie Von Ahlefeldt die in the lifetime of said Susan Beirne Robinson, and the latter should die unmarried, and without issue, the said Walnut grove farm shall and will pass in fee-simple to the heirs of said Oliver Beirne; (5) that so much of the decree rendered in this cause at a former term of said court as declared that said Nannie Von Ahlefeldt had said Walnut grove farm in her possession, as guardian, be set aside, as that matter was not before the court; (6) that the report of Commissioner Kester, to which there are no exceptions, be confirmed.

In my view of this case, the Circuit Court acted properly in holding that Oliver Beirne, by the acceptance of the deed dated August 12, 1885, bound himself for the care, support, and maintenance of the defendant Susan Beirne Robinson during her natural life; and, this being the case, all of his property, including whatever interest he may have had in

Walnut grove, was bound for her support, and said testator does not seek to disclaim or avoid in any manner said obligation, for he states, in the first clause of his will, that said Susie Robinson has been turned over to him by said Henry Robinson, to be cared for "by me or my representatives during her natural life," and that he has set apart by his will this property, to be managed by his executors, and to apply the revenue, first to her support, and to pay the residue to his daughter Nannie Von Ahlefeldt. It is contended by counsel for appellant that, because the testator appropriated the revenues arising from the Walnut grove farm to the support of Susie Robinson (and this revenue could only arise from the application of the personal property thereon to the business of the place) the law would construe this provision as a gift of said personal property, and the infant, through the court, having elected to take the place by paramount title, that Mrs. Von Ahlefeldt is entitled to said personal property. There is nothing, however, in the will that will permit of such a construction. Neither, in my opinion, will the law applied to the facts of this case warrant such a construction.

Now it is seriously and earnestly contended by counsel for the appellant that at the time of his death the testator had no interest in the Walnut grove property, and that he was well aware of the fact; that he was familiar with the extent of the interest he had acquired from Robinson, and must have known that it terminated with the death of said Robinson.

This may be true, but it does not follow that the interest acquired by him from Robinson had ceased. At the time of said Beirne's death Robinson was still in life, and so continued for six months thereafter. There is nothing on the face of the will which tends in any manner to show an intention on the part of said testator to disregard the rights of said Susan B. Robinson in connection with said Walnut grove farm, taking into consideration the fact that the will speaks as of the date of the death of the testator. Even if the position of appellant's counsel, that testator then had no interest in said farm, be correct, it was a considerate and humane act on the part of said testator to direct his executors to manage this farm for the benefit of this imbecile

85

child; but when we consider the fact that he was then entitled to the curtesy acquired by the conveyance from said Robinson, the will of said testator, speaking on the 21st day of April, 1888, directing his executors to manage the Walnut grove farm, and apply the proceeds, first to the comfortable support and maintenance of Susan Beirne Robinson, and to pay the surplus, if any, to Nannie Von Ahlefeldt, invaded none of the rights of said infant with reference to said property, and the said Robinson being then in life, and the said infant imbecile in body and mind, said testator might well have presumed that his then interest would continue during the natural life of said infant.

This appears, at least, to be a reasonable construction as to the intention of said testator. At the time this will took effect, no one of its provisions conferred on Susan Beirne Robinson anything that she was already entitled to, or affected to do so. It provided for her support, but did so out of the rents and revenues to which the testator was then entitled. He had recognized the obligation on his estate to furnish this support, and he directed the executors to pay it, not out of her property, but out of his own; and I am clearly of the opinion that no case of election arose. At the date of the decree rendered in this cause, Henry Robinson had departed this life, and, as a consequence thereof, the right of the testator to the possession of the Walnut grove farm had ceased, and the court below acted properly in declaring that the executors of Oliver Beirne had no interest in, or right or authority over, the Walnut grove farm in the bill mentioned, and no right or authority under said will to take or control the rents, issues, profits or revenues thereof, and in declining said provisions made in her behalf in said will for that reason.

It seems to me, however, that the portion of said decree which holds "that the said Oliver Beirne had no right to dispose of said farm, or the rents, issues, profits, and revenues thereof during the lifetime of said infant, and that the provisions of said will attempting to dispose of said rents, issues, profits, and revenues, and giving said Nannie Von Ahlefeldt a residence upon said place, are inoperative, null, and void," is erroneous, and subject to criticism. This

ruling evidently relates to the date at which the will took effect, to wit, at the death of the testator in April, 1888. It is true at that time testator had no right to dispose of the farm, if by that expression is meant to confer the legal title upon some other person ; but, owning a life-estate therein, and said contingent interest, he did have a right to dispose of the rents, issues, profits, and revenues of said farm during the lifetime of Henry Robinson, and during the same time to give said Nannie Von Ahlefeldt a residence upon said place, and to that extent said provisions were not void or inoperative. The provisions aforesaid, however, had ceased to be operative at the date of said decree by reason of said life-estate of Oliver Beirne having been terminated by the death of Henry Robinson.

With this correction, I am of opinion that the decree complained of should be affirmed, and that the appellant should pay the costs of this appeal.

CORRECTED AND AFFIRMED.