## Richmond.

WOOD AND OTHERS v. TREDWAY AND OTHERS.

November 17, 1910.

1. WILLS—*Pretermitted Children—Code, Section 2527—"Devise" and "Bequest"—Sale by Executor—Purchaser.*—The provisions of section 2527 of the Code relating to pretermitted children were inserted for the benefit of the child, and the words "devise" and "bequest" used in the statute were intended to embrace any and all dispositions of the property made in the will which affect or change in any way the title of the pretermitted child to that portion of the estate to which it was entitled under the general law, independently of the will, and covers the case of an alienation under a power of sale for reinvestment given in the will as fully as the direct devise of the same property by the terms of the will. Such a power is inoperative during the minority of a pretermitted child, and void when he becomes of age, or marries. A purchaser under a power of sale conferred by will must see to it that the power under which he buys is good and effective.

2. WILLS—*Pretermitted Children—Code, Section 2527 Construed.*—Under the provisions of section 2527 of the Code relating to pretermitted children, all of the provisions of the will of a testator who had no children when the will was made, but who dies leaving a child surviving not provided for or mentioned in the will, except those relating to the payment of the testator's debts or to the appointment of an executor, become inoperative during the minority of the pretermitted child, and finally void when he arrives at the age of twenty-one years or marries. If, however, the child dies under the age of twenty-one years, unmarried and without issue, all of the provisions of the will become operative and effective.

Appeal from a decree of the Circuit Court of Greensville county. Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*E. C. Palmer*, *W. S. Goodwyn*, *E. R. Turnbull, Jr.*, and *E. P. Buford*, for the appellants.

*R. B. Davis*, *L. D. Yarrell* and *H. L. Taylor*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

The question presented on this appeal involves a construction of the statute now section 2527 of the Code, and arises out of the following state of facts: Mrs. Willia B. Tredway, *nee* Lundy, on or about the 11th of October, 1892, intermarried with E. C. Tredway, a widower with four children of his first marriage, and within three months, to-wit, on or about January 4, 1893, she executed her holograph will, making no reference to any child of hers that might thereafter be born, which will is as follows:

"I, Willia B. Tredway, being of sound and disposing mind, do make, ordain and appoint this, my last will and testament.

"Item. 1. I give to my husband, E. C. Tredway to be held by him during his life, my property, both real and personal; and he may in his discretion sell any or all of my real estate and reinvest the proceeds in such manner as he may deem best; which investment may be either in real or personal property.

"Item 2. At the death of my husband I direct that my property be equally divided between: Guerrant A. Tredway, Moses Tredway, E. C. Tredway, Jr., and Hampden S. Tredway.

"Item 3. I appoint my husband, E. C. Tredway, executor of this my will, and direct that no security be required of him.

"Written wholly with my own hand, sealed and dated 4th day of January, 1893."

The remaindermen named in the will are the children of E. C. Tredway, and after the execution of the will the testatrix gave birth to two children—one born in August, 1894, and the other in April, 1897, both of whom survived their mother and were the complainants in this suit in the lower court and appellees here. In August, 1900, Mrs. Tredway died, and in September following her will was presented and probated in the County Court of Greensville county, and her husband, E. C. Tredway, the executor therein named, qualified as such without security, and undertook the settlement of the testatrix's estate. Subsequently, by various deeds, E. C. Tredway, professing to act in his own right and as executor of his deceased wife's will, conveyed to various persons portions of the real estate of which she died seized and possessed, but no part of the proceeds of the sales were re-invested or has come to the appellees from the estate of their mother.

In February, 1907, E. C. Tredway died, and shortly after his death this suit was instituted by the appellees, acting through their aunt as next friend, making the claimants of the said lands conveyed by E. C. Tredway, as aforesaid, parties defendant to their bill; and after setting forth the fact that the will of their mother had been executed by her long prior to their birth, and that said executor had executed deeds to the various parties named, purporting to convey to them the fee simple title to the various portions of land of which their mother died seized and exhibiting copies of said deeds with their bill, the bill proceeds: "All of which before mentioned deeds purporting to convey the lands inherited by your complainants from their mother, W. B. Tredway, under the laws of descent of the Commonwealth of Virginia, they are advised and believe, and now here charge, to be null and void as to your complainants, and passed no further estate than that held by curtesy of their father, E. C. Tredway, and that the title of the grantees therein terminated at the death of said E. C. Tredway," etc.

To this bill the defendants below, appellants here, demurred, and also filed their answer, in which they admitted all the facts set out in the bill and stated that they did not desire to make any other or further answer to the allegations of the bill; whereupon, the circuit court having overruled the demurrer to the bill, entered the decree here complained of, which adjudged, among other things, that the appellees recover of appellants the several parcels of land claimed by the former and held by the latter, respectively, to be held subject only to the conditions named in the statute.

The assignments of error involve, as stated, a construction of section 2527 of the Code, as applied to Mrs. Tredway's will. The title of the act is: "Provision for pretermitted children where no child living when will made;" and the language of the statute is as follows: "If any person die leaving a child * * * * and leaving a will, made when such person had no child living, wherein any child he might have is not provided for or mentioned, such will, except so far as it provides for the payment of the debts of the testator, shall be construed as if the devises and bequests therein had been limited to take effect in the event that the child shall die under the age of twenty-one years, unmarried and without issue."

The contention of appellants is that a will made by a testator under the circumstances set out in the statute is operative, except so far as it contains devises and bequests in the strict technical sense of those words; and that a power of sale, connected as it is in the will under consideration with a life estate in land, is not strictly speaking either a devise or a bequest, and therefore its operation is not prevented by the statute, but that a deed made in pursuance of the power conveys the title away from the heirs. In other words, appellants contend that the statute only prescribes a construction to be placed upon *devises* and *bequests*, and that a *power of sale* is not a devise or bequest; therefore, it follows that the sales made by E. C. Tredway were legal, and appellants ac-

quired valid titles to the land conveyed, and the interests or rights of appellees secured by the statute attached only to the *proceeds* derived from the sales.

On the other hand, appellees contend that the provisions of the statute were incorporated for the benefit of the child, and that the words "devise" and "bequest" as used in the statute were intended to embrace any and all dispositions of the property made in the will, which affected or changed in any way the title of the pretermitted child to that portion of the estate of the parent to which it was entitled under the general law, independently of the will, and covers the case of an alienation under the power given in the will as fully as the direct devise of the same property by the terms of the will.

At common law birth of a child did not revoke a will, (Schouler on Wills, p. 424, *et seq.;* 2nd Min. Inst. (3rd ed.), 1036-8), and it was only by a line of decisions that the chancery courts, following immediately after the enactment of the Statute of Wills in England, established a rule of constructive revocation of a will as to the interest of a child not mentioned in the will or otherwise provided for, founded upon a presumption that the testator did not intend to disinherit the child. This principle of constructive revocation the courts of equity derived, notwithstanding the peremptory language of the statutes of fraud (29 Car. II, C. A., sec. 6), from considerations of domestic duty and convenience, and the principle is incorporated into the Code of Virginia with material modifications. 2 Min. Ist. (4th ed.) 1026-7. And the reasons compelling the courts to this implied revocation are very clearly stated by Roane. J., in the opinion of this court in *Yerby* v. *Yerby*, 3 Call 334. thus: "If a man standing in a state of celibacy, or being married has no children, bequeathes his estate to those who have no natural or moral claim upon him and afterwards contracts a new relation which produces those who have the strongest of all human claims upon him for protection and assistance, in the absence of all testimony relative to

intention, we must presume, in honor of the human character and in conformity to the just idea that no man intends to rebel against the strongest moral and natural duties, that the testator had forgotten the existence of the instrument, or had supposed it nullified by the posterior change in his situation. We must not readily admit a presumption so outrageous against everything just and proper; so militant against the feelings of human nature as that a parent would, in favor of strangers, disinherit his whole offspring. By strangers I here mean persons other than children of the testator."

The chancery rule, however, founded upon the presumed intention of the testator, being liable to be rebutted by proving express declarations of his or other facts showing that no such intention existed (2 Min. Inst., *supra; Yerby* v. *Yerby*, *supra; Savage* v. *Mears*, 2 Rob. 570), the legislature of Virginia at an early day incorporated this equitable rule into the statutes of the State, thereby making the presumption of intention absolute, and providing what portion of the estate of the parent should pass to the pretermitted child in such cases.

The original statute (12 Hen. Stat. Large, p. 140) was, in some of its features at least, ambiguous, and soon after its enactment the legislature re-enacted it, omitting only its ambiguous words. See Collation of Acts of General Assembly of Va., published in pursuance of the act of Assembly passed January 26, 1802, p. 160. The several statutes of the State concerning wills were brought together in the revisal of 1819, and republished, with only a few verbal changes, as sections 3 and 4, chap. 104. These statutes, which we do not deem it necessary to review here, appeared to be in some respects unsatisfactory, and accordingly, at the revision of 1849, they were re-enacted as sections 3 and 4 of chap. 104, first vol., Code 1849; section 3 being substantially identical with the present provisions of section 2527 of the present Code, now under review, and section 4 identical with the present pro-

visions of section 2528 of the present Code, the last-named sec-
tion making provision for an after-born child where the tes-
tator makes his will when he has a child living, which section
has no bearing upon section 2527 under consideration; nor
do we think that section 2517, which provides that "every will
made by a man or woman shall be revoked by his or her
marriage," affords light, as counsel for appellants contend, in
the construction of section 2527.

The State of West Virginia is the only State, so far as we
have been able to find, having a statute similar to sec. 2527 of
the Code, and owing to the difference between our statute and
those of other States we have been unable to find a precedent
directly in point, the question here presented never having
arisen in this court or in the Supreme Court of West Vir-
ginia.

It would seem, however, very clear that if the contentions of
appellants could be sustained, the very purpose of the statute
might, in many cases as well as in this, be wholly defeated, and
that the successive legislatures, in formulating a statute
which would provide in all cases for "pretermitted children
where no child living when will made," were engaged in a
vain undertaking. All statutes should be given a reasonable
construction to the end that the legislative intent shall be re-
garded and given effect.

In this case, it is to be borne in mind that when Mrs. Tred-
way made her will her husband had no rights whatever in
her lands, and that when he made the conveyances under
which appellants claim, the rights of appellees to the lands
conveyed had been fixed by the statute; and the suggestion,
that if Mrs. Tredway did not desire that the will she had
made should stand and be carried out, she would have changed
or revoked it, is fully met by the counter-view that she is
presumed to have known or been advised as to the statute by
which her two daughters' interests in her property would be
preserved for their use and benefit.

That it is the duty of a purchaser to see that the power of sale under which he buys is good and effective, is settled law. 27 Am. & Eng. Enc. of L. 264. And where one attempts to acquire property by force of a will, to the detriment of the natural heirs, he does so at his peril. 2 Min. Inst. 1070, *et seq.;* 13 Enc. Dig. Va. & W. Va. 780.

If the power of sale of real estate conferred by a will was to be considered as separate and distinct from other devises in the will, as well as the provision for the payment of testator's debts, surely the legislature would have made this clear in the statute itself. In our view, the power of sale conferred upon E. C. Tredway, under whom appellants claim, cannot be separated and distinguished from other devises in the will of Mrs. Tredway which appellants admit are void.

Now as to whether by the deeds made by E. C. Tredway of Mrs. Tredway's lands he intended to convey a fee simple title or only his life estate therein by reason of his curtesy rights, we are not concerned. As Mrs. Tredway was the wife of a lawyer, there can be but little if any doubt that she knew that if she died without issue her husband would take no part of her landed estate, neither would his children by a former wife, who were all of tender years; therefore, it must be presumed that the will she made was for the express purpose of providing for her husband and his children by a former wife, only in the event she died without issue. Certainly, neither by express words or necessary implication does any other intention appear in her will. Considering the circumstances and conditions surrounding Mrs. Tredway when she made her will and when she died, the conclusion is irresistible that she made no change in the disposition of her property for the reason that she relied on the statute, the title of which, as stated, is, "Provision for Pretermitted Children," etc., and relying on the statute to provide for her children, she had every reason to believe that they would take her entire estate

as though she had made no will, unless they both died under the age of twenty-one years unmarried and without issue.

At all events, we are of opinion that the intent and plain meaning of the statute is that. in case of a will made before there is any child in being, as to a pretermitted child afterwards born to the testator. the will cannot go into operation unless the child dies under the age of twenty-one years, etc., in consequence of which all of the provisions of such a will, except those relating to the payment of the testator's debts or to the appointment of an executor (neither of which would affect the rights of the child) become inoperative during the minority of the pretermitted child, and finally void when he arrives at the age of twenty-one years or marries. If, however, the child dies under the age of twenty-one years, etc., all the provisions of the will become operative and effectual.

It follows that in our view of the statute the decree complained of is right and should be affirmed.

*Affirmed.*