# CHARLESTON.

ELVIRA CUNNINGHAM V. GERTRUDE DUNN *et als.*

Submitted September 16, 1919.   Decided September 30, 1919.

1. WILLS—*"Child" in Statute of Wills Means Children.*

   The word "child" as used in sec. 16 of ch. 77 of the Code, means "child or children," the singular number having been adopted for convenience and brevity.  (p. 596).

2. SAME—*After Revocation by Birth of Issue, Bequests Do Not Vest Until Death of Children Without Issue.*

   The will of a person leaving two or more children at his death, made when he had no children and omitting provision for, and mention of, any child he might have, does not vest any of its devises or bequests, unless nor until all of such children die unmarried without issue.  (p. 596).

3. SAME—*Revocation by Birth of Issue—Defeasible Estates Vest in Children.*

   In such case, defeasible estates in the subject matter of the will vest in the children by virtue of the statute of descents and distributions, and have all the qualities and characteristics of other defeasable estates.  (p. 596).

4. CURTESY—*Wil's—Devise by Childless Wife to Husband Revoked by Birth of Issue—Defeasible Estates.*

   If a devise be made by a wife to her husband, by a will executed when she had no children and omitting provision for, and mention of, any child she might have, and she die leaving two children, the land descends to the children, subject to the husband's right of curtesy, and the devise does not take effect unless nor until both children die unmarried and without issue; but the estates so taken by the children are defeasible estates in fee simple or base fees.  (p. 596).

5. WILLS—*Defeasible Estate of Child Became Absolute by Marriage and Issue.*

   If in such case, one of the children dies unmarried and without issue, while the father is living, his share in the land goes to the father, by virtue of the statute of descents, subject to defeasance by the death of the other child unmarried and without issue; and, by the marriage of such other child and birth of issue, the father's estate in the part of the land so inherited by him becomes absolute.  (p. 599).

Appeal from Circuit Court, Monroe County.

Suit by Elvira Cunningham against Gertrude Dunn and others. Demurrer to bill sustained, and bill dismissed, and plaintiff appeals.

*Reversed, demurrer overruled, cause remanded.*

*John L. Rowan,* and *J. A. Meadows,* for appellant.
*W. M. La Fon,* for appellees.

POFFENBARGER, JUDGE:

The correctness of the decree complained of depends upon the construction of sec. 16, of ch. 77, of the Code, reading as follows: "If any person die leaving a child, or his wife enciente of a child, which shall be born alive, and leaving a will made when such person had no children living, wherein any child he might have is not provided for or mentioned, such will, except so far as it provides for the payment of the debts of the testator, shall be construed as if the devise and bequests therein had been limited to take effect, in the event that the child shall die unmarried and without issue."

The will involved was construed for certain purposes in *Cunningham* v. *Cunningham,* 30 W. Va. 599, the court holding that the will and the circumstances under which it was made brought it within the operation of the statute just quoted, wherefore the husband and devisee of the testatrix took under it only a contingent estate in fee simple. At the date of the making of the will purporting to give the land to the husband absolutely, his wife, the testatrix, had no children, but she afterwards had two children both of whom survived her. As both of the children were then living, the court had no occasion to enter upon any inquiry as to what estate the husband would take, in the event of the death of one of the children unmarried and without issue. It held that, by operation of the statute, the devise to the husband was limited to take effect only in the event the children should die unmarried and without issue. Sometime after the rendition of that decision one of the children died unmarried and without issue, and the effect this event has upon the construction of the will is the problem submitted upon this

appeal. The other child survives, is married and has children. She is one of the defendants and the plaintiff was a subsequent wife of her father.

The tract of land involved was conveyed by James Philips and wife to Jane Cunningham, by a deed dated, November 6, 1878, and originally contained 118 acres. By a deed dated, March 20, 1880, Jane Cunningham and George W. Cunningham, her husband, conveyed 21 acres and 3 poles of it to William H. Dunn. By her will dated, August 19, 1879, the wife devised and bequeathed all of her estate real and personal to her husband, George W. Cunningham. This will was probated May 7, 1883. The character and extent of the estate of George W. Cunningham, under the will, were determined by the court in 1888. Some time after the death of Jane Cunningham, George W. Cunningham married the plaintiff in this cause, Elvira Cunningham. He died testate in April, 1917, and, by his will, after having made certain specific bequests, gave all of the residue of his property of every kind to his wife, for and during her natural life, and the remainder in fee therein to his children.

Claiming a life estate in one-half of the tract of land by virtue of this will, on the theory that her husband had inherited title to one-half of it from his son who died unmarried and without issue, or that the devise to him failed as to only one-half of it, this son and Gertrude Dunn having been the two children of Jane Cunningham, born between the date of the making of her will and her death, Elvira Cunningham filed the bill in this cause, praying for partition of the land, to which the defendant Gertrude Dunn filed her demurrer and answer. George W. Cunningham was survived by four other children, issues of his subsequent marriage or marriages, all of whom were made parties defendant. A purchaser of the alleged interest of one of them came into the cause by petition and filed an answer by which he virtually joined in the prayer of the bill. By a decree entered April 12, 1918, the court adopted the theory of the plaintiff's bill and awarded her partition of the land, but, on the next day, this decree was set aside, by an order reciting unauthorized entry thereof. By a decree entered November 19, 1918,

the court adopted, the opposite theory, sustained the demurrer and dismissed the bill.

The origin and purpose of the statute are well defined in *Wood v. Tredway,* 111 Va., 526. At common law, a will was not revoked by the subsequent birth of a child of the testator. *Wood* v. *Tredway,* cited, 2 Min. Inst. 3rd Ed., 1036, 1038; Schouler on Wills, 424. After the enactment of the Statute of Wills in England, the Chancery Court established a rule of constructive revocation of a will, as to the interest of a child not mentioned therein, nor otherwise provided for, founded upon a presumption that the testator did not intend to disinherit his child. 2 Min. Inst. 4th Ed., 1026, 1027. This rule was also adopted in Virginia. *Yerby* v. *Yerby,* 3 Call. 334; *Savage* v. *Mears,* 2 Rob. 570. Deeming it to be wise, equitable and just, the General Assembly of Virginia made it with some modifications, a part of the statutory law of wills, at an early date. In the form in which it was originally passed, it had some defects or imperfections which were eliminated by subsequent amendments. It substantially assumed its present form in the Code of 1849, Secs. 3 and 4, of ch. 104, and has not since been changed in Virginia. With one slight alteration, it was adopted in our Code of 1868. As found in the Code of 1860, it made the will take effect in the event of the death of the child under the age of twenty-one years, unmarried and without issue. Our statute makes it effective in the event of the death of the child unmaried and without issue.

The revocation recognized and enforced by the Chancery Courts, though equitable and just in the main, sometimes wrought unjust results by reason of its generality and far reaching consequences. It wholly destroyed the devises and bequests made by the will, even though it happened that the child or children were infants and died in infancy; and no doubt sometimes let into the estate, by inheritance, persons to whom the testator never would have given it. In the judgment of the legislature, it was more just and expedient, to make the devises and bequests conditional, and not wholly void, in such cases. Accordingly, it was provided that they should take effect only in the event of the death of the

333

child unmarried and without issue. While the child lives, the will vests no estate in the donee. At most, he has a mere possibility or expectancy of an estate. His interest is purely and manifestly contingent only. In the event of the death of the child unmarried and without issue, the estate given by the will vests in him, and, in this case, the devisee would have taken an estate in fee simple, if both children had died unmarried and without issue. Whether the death of only one of the two children let him into an estate in one-half of the land, depends partly upon the sense in which the term "child" is used in the statute.

The word "child" in the statute under consideration obviously means child or children, and was adopted for convenience and brevity. It cannot be supposed that the legislature intended the birth of one child to effect a partial revocation of a will, under certain circumstances, and the birth of two or more children not to have such effect, under the same or similar circumstances. The statute deals with a subject in which heirs, actual and prospective, including children, are interested. Wills step in between them and their ancestors, cutting off their inheritances and depriving them of what they otherwise would be entitled to. In dealing with wills, the legislature incidentally dealt with and affected children and heirs and descents and distributions. It made a saving in the case of one class of heirs. It may well be assumed, therefore, that it dealt with them as classes and not as individuals. When there are two or more of them, they take by classes and are excluded by classes. In *Cunningham* v. *Cunningham,* 30 W. Va. 599, the will under consideration was held to be within the statute, notwithstanding the testatrix left two children, neither of whom was in being at the date of the execution of the will. In *Kyle* v. *Kyle,* 18 Ind. 108, a statute providing that, if a husband or wife should die intestate, leaving no child, and no father or mother, the whole of his property, real and personal, should go to the survivor, was construed as if it had used the terms "children or their descendants," instead of the word "child".

The old equity rule and its successor, the statute, were

designed to preserve rights under the statute of descents and distribution, under the circumstances upon which they are predicated. As between parent and child, there is a natural and moral duty on the part of the former, which the statute recognizes and enforces. It rests upon the presumption that a person who has made a will, when childless, and died leaving children born after the making of the will, did not intend to disinherit them, break the highest obligation that can be imposed on a human being and deprive his offspring of the protection and assistance to which they are naturally entitled. Upon this presumption, it is assumed that, under such circumstances, the breach of the obligation was not intended and that the will was inadvertently allowed to stand, after the birth of children. To make this presumption effective, the statute provides that the will shall not take effect, unless the child dies unmarried and without issue. A necessary implication arising from this provision is, that, under such circumstances, the statute of descents and distribution shall be operative and carry the estate to the child. It must go to him by virtue of that statute, for it does not vest in the devisee, nor in the child by the will, and the testator does not take it with him. In the case of a devise of real estate, under such circumstances, the child takes by descent, a defeasible estate in fee simple, a base fee. If he dies unmarried and without issue, the estate is defeated by that event; and the estate given by the will goes to the devisee in that instrument. If, on the contrary, he marries and has issue, the estate so taken becomes absolute, and the will never takes effect.

It is impossible to give the word "child" in the latter part of the statute a meaning different from what it has in the first part of it. If the birth of two or more children, after the making of the will, brings it within the statute, the death of all of them unmarried and without issue is essential to the vesting of any estate given by the will. While *Cunningham* v. *Cunningham* and *Wood* v. *Tredway,* cited, do not so decide, they both assert it by way of *dicta.* The language of the statute is the same in each case, wherefore the intent of the legislature must have been the same in each.

Not a word found in the statute indicates legislative purpose to let the devisee into an estate in the part of the property that goes to one of the children, on his death unmarried and without issue, in the event of the existence of two or more after-born children. Its plain purpose is to give the estate to the children of the testator, and that purpose would be largely defeated, in many cases, if the devisee were allowed to take the share of one child at his death, unmarried and without issue, when there are two or more children. He may be a total stranger to the estate, and yet he would be let into a part of it by the will, as against children, the other children. In the case of the existence of one child, the statute intends that he shall have the whole of the estate, wherefore it is perfectly consistent to say that, if, in the case of two or more children, one of them should die unmarried and without issue, his share should go to his heirs who, ordinarily, would be his brothers and sisters. Under this construction, the survivor of the two children, the sister, would have taken an estate in the one-half of the land the title to which vested conditionally in her brother, if her father had not been living. If the devisee had been some person other than her father, she would have taken that interest, and, on her marriage and the birth of her children, she would have had an absolute fee simple estate in all of the land. Under the circumstances of this case, the construction adopted keeps the land as nearly within the reach of the children as the law itself places it in the absence of a will. The daughter was the prospective heir of her father and would have taken a share of the brother's half, but for his will; and, but for the will and the existence of other children, she would have succeeded to all of it.

The qualified or conditional fee simple estates taken by the two children were inheritable estates, passing to the heirs, subject to the possibility of defeasance. 2 Min. Inst. 2 Ed., 78; 2 Bl. Com. 111 note. Hence, on the death of the son, his share went to his father as his heir, and, when the daughter married and had issue, that estate in him became absolute, and was disposed of by his will giving his then wife a

life estate in it and the remainder in fee therein to his children.

This conclusion makes the decree complained of clearly wrong and calls for reversal thereof. It will be reversed, the demurrer overruled and the cause remanded.

*Reversed, demurrer overruled, cause remanded.*