# CHARLESTON

HOFFMAN v. BELTZHOOVER, *Trustee.*

Submitted February 21, 1911.  Decided October 8, 1912.

1. WILLS—*Spend Thrift Trusts—Creation.*

    A testator devised land to his son, and in relation thereto provided that if the son should sell the land after reaching majority, twenty-five hundred dollars should remain in the hands of the purchaser as a lien on the land for the sole use and support of the son during his natural life and for no other purpose, interest therefrom accruing to be collected for this purpose by an appointed trustee and no part of the principal sum to be used for such support. HELD:

    A spendthrift trust was created in favor of the son, putting the income arising from the fund beyond the reach of his creditors, under principles enunciated in *Guernsey* v. *Lazear,* 51 W. Va. 328.  (p. 73).

2. TRUSTS—*Creation—Spendthrift Trusts.*

    To create a spendthrift trust it is not essential that the instrument should denominate the beneficiary a spendthrift, or give reasons for creating the trust, or contain all restrictions and qualifications incident to such trust, or contain an express declaration that the interest of the *cestui que trust* in the trust estate shall be beyond the reach of creditors, if the intention of the testator or donor to create such trust is clearly disclosed by the instrument as a whole.  (p. 74).

Appeal from Circuit Court, Jefferson County.

Suit in equity by George W. Hoffman against George M.

71 W. Va.

Beltzhoover, trustee, etc., and others.  From the judgment, de-
fendant Beltzhoover and another appeal.

*Affirmed.*

*George M. Beltzhoover* and *C. N. Campbell,* for appellants.

*Brown & Brown,* for appellee.

ROBINSON, JUDGE:

The question in this case arises on a bill of interpleader.  We
are called on to say whether under the will of Uriah B. Kerney,
late of the county of Jefferson, the income of a certain fund can
be reached by creditors of James William Kerney, son of the
testator.

The provisions of the will, relating to the estate involved, are
as follows:

"4.  All the remainder of my land, including my home farm,
except the lots in town, I do hereby give and devise to my
youngest son, James William Kerney, charged however with
the annuity, etc."

"10.  In case of the death of my youngest son, James William
Kerney, during his minority and without issue of his body, it
is my will that his whole estate, real and personal, shall be
equally divided between his brother, John K. Kerney, and his
sister, Elizabeth Kerney, but after he arrives at the age of
twenty-one years, whether he have issue or not, he may dispose
of his property hereby devised as he may think proper, subject
only to the limitations and restrictions of Article 11, as fol-
lows:

"11.  If my youngest son, James William Kerney, sell his
land, there shall remain in the hands of the purchaser and as
a lien upon said land the sum of Twenty-Five Hundred Dollars
for the sole use and support and for no other purpose, of the
said James William Kerney during the term of his natural life,
and my Executor, or his successor, is hereby appointed and
constituted a Trustee for the collection of the interest accruing
on the above twenty-five hundred dollars in the hands of the
purchaser of the said land, and I do direct that no part of the
principal of the twenty-five hundred dollars shall be used for
the support of the said James William Kerney, but the interest
only during his natural life."

After reaching his majority James William Kerney sold the land, and the sum of twenty-five hundred dollars was left at interest secured by a lien as provided in the will. The present owner of the land asks the court by his bill of interpleader to direct him as to proper payment of the interest on the sum, since it is claimed both on behalf of James William Kerney and on behalf of creditors to whom James William Kerney has given deeds of trust covering this income.

Do these provisions of the will establish a trust estate in the income from the twenty-five hundred dollars, beyond the reach of creditors? The circuit court has held that they do. We are of the same opinion. A spendthrift trust is created. We can see no other intention manifested by the will. The testator very evidently intended to make a determination on the part of the son to desert a good source of income from the land a test of the taking effect of the spendthrift provision. The trust provision in relation to James William Kerney clearly comes within the following approved definitions: "Spendthrift trust is the term commonly applied to those trusts that are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection." 26 Am. & Eng. Enc. of Law 138; *Wagner* v. *Wagner*, 244 Ill. 101. "A spendthrift trust is the term commonly used to designate a trust created for the maintenance of the *cestui que trust,* and to secure the fund against the improvidence of the *cestui que trust."* *Kessner* v. *Phillips,* 189 Mo. 515. It is not necessary that the beneficiary be denominated a spendthrift or that the testator or donor shall give his reasons for creating the trust; or that the instrument shall contain all restrictions and qualifications incident to such trust. *Wagner* v. *Wagner, supra.*

It is argued at great length that no such arrangement as that provided by the will can avail as against creditors; but we hold that the case is ruled by *Guernsey* v. *Lazear,* 51 W. Va. 328. That case recognizes the validity as against creditors of such provisions as the one in question, whatever may be the law of some other jurisdictions. We are not disposed to review the principles so ably discussed by Judge BRANNON in that case. In a way, we gave further recognition to the same principles in

*Talley* v. *Ferguson,* 64 W. Va. 328. It is true that in those cases there were direct words of prohibition against debts. It was directly stated in the instruments creating the estates that creditors should never subject those estates to the payment of debts. But do not the provisions of this will just as clearly do the same? This will says that the trust estate created is for the sole use and support of James William Kerney during his natural life and for no other purpose. Does not this bar out debts? Would not the money go for another purpose than use and support if it was allowed to go for debts? What use and support from the invested sum would James William Kerney have if his creditors took the interest arising from it? Plainly the will manifests an intention that creditors shall not take this income provided for the support of James William Kerney. "It is not necessary that an instrument creating a spendthrift trust should contain an express declaration that the interest of the *cestui que trust* in the trust estate shall be beyond the reach of creditors, providing such appears to be the clear intention of the testator or donor as gathered from all parts of the instrument construed together in the light of the circumstances. The court will look to the intention disclosed by the whole instrument, rather than to the language employed in any particular clause of it." 26 Am. & Eng. Enc. of Law 141-142. By the terms of the will the income of the money remaining in the land does not belong to James William Kerney. It belongs to an active trustee to be applied by that trustee to a sole and particular purpose. Kerney's creditors can not reach it. Perry on Trusts, (Sixth Edition), sec. 386a, and notes thereto.

The argument that the trust was created by the beneficiary himself, by his selling the land, and that therefore it is not valid as against creditors, is not tenable. The testator created the trust. We can not see it in any different light than if he had directly created such trust in the first instance by directing twenty-five hundred dollars in the hands of a trustee to be put out at interest solely for the use and support of his son during life.

It is said that a part of one of the debts sought to be taken from this income was contracted by James William Kerney for the support of himself and family. Though that issue is raised

by the pleadings, there is not a word of proof to substantiate the fact, even if it would alter the case.

It is not our province within the limits of this case to decide as to whom the twenty-five hundred dollars will belong at the death of James William Kerney. The interpleader has not asked for a disposition of that question, nor can he ask it until occasion therefor arises.

The decree is right. It will be affirmed.

*Affirmed.*