G. C. BEARD

*v.*

SAMUEL CALLISON, *et al.*

(No. 10100)

Submitted April 19, 1949. Decided July 6, 1949.

122

*A. E. Cooper*, for appellant.

*Richard F. Currence*, for appellees.

HAYMOND, PRESIDENT:

This suit in equity was instituted November 22, 1946, in the Circuit Court of Pocahontas County, by the plaintiff, G. C. Beard, against Samuel Callison, an infant, Elizabeth Callison, Harry Richard Callison, Louise McNeel and Dennie M. Callison, as defendants, for the purpose of removing certain provisions of the will of his deceased wife, Georgia A. Beard, as a cloud upon his title to an undivided one half interest which he claims as an heir of his deceased son and dower which he also claims as her surviving spouse in two tracts of land of 191 acres and 502 acres. These provisions give a life estate to the plaintiff in her real estate of 901 acres, in which the foregoing two tracts are included, and devise the tract of 191 acres in remainder to the defendant Dennie M. Callison, and the tract of 502 acres designated in the will as "the home place of five hundred (500) acres" in remainder to the defendant Harry Richard Callison and Richard Coe Callison.

The will, dated October 29, 1943, was duly probated December 15, 1944, and subsequently, on May 19, 1946, Richard Coe Callison died intestate and without issue, leaving as his heirs the defendants Elizabeth Callison, his mother, and Samuel Callison, his brother. By pleadings filed by the defendant Elizabeth Callison the question whether the plaintiff was required to elect to take under the will a life estate in the 901 acres of land or to take an undivided one half interest and dower in the other

undivided one half interest of his wife in the two tracts of land of 191 acres and 502 acres, contrary to its provisions, was presented and determined by the circuit court. The circuit court, being of the opinion that the plaintiff was required to elect, that he had not made an election, and that he should then do so, and the plaintiff then having elected not to take under the will but to hold his undivided one half interest and his dower in the two tracts of land independently of its provisions, by final decree entered June 15, 1948, held that the plaintiff was vested with an undivided one half interest in fee simple as an heir of his deceased son, Harry Franklin Beard, and with dower in the other undivided one half interest of his wife as her surviving spouse, in the two tracts of land, free of the provisions of the will, and that the defendants, by virtue of the will, had no right or title to his undivided interest and his dower, and established and quieted the title of the plaintiff to his undivided interest and his dower. From that decree this Court granted this appeal upon the petition of the defendant Elizabeth Callison.

After filing his original bill of complaint to which the defendant Elizabeth Callison filed an answer, the plaintiff filed an amended and supplemental bill of complaint to which she also filed an answer. The case was heard upon the original bill of complaint and the amended and supplemental bill of complaint of the plaintiff and their exhibits, the answers of the defendant Elizabeth Callison and their exhibits, the demurrer of the plaintiff to her answer to the amended and supplemental bill of complaint, which demurrer was overruled, the replication of the plaintiff, the answer of the guardian *ad litem* of the infant defendant Samuel Callison, a written stipulation between counsel for the respective parties and the exhibits filed with it, and depositions in behalf of the plaintiff and the defendant Elizabeth Callison. No pleadings were filed or evidence introduced by or in behalf of any of the other defendants.

In the year 1882 Thomas F. Callison, the father of Georgia A. Beard, wife of the plaintiff G. C. Beard, purchased the 191 acre tract and the 502 acre tract, obtained title to these lands under a deed from Richard Callison and others, and continued to own them until his death in 1910. By his will dated October 31, 1910, probated November 28, 1910, he devised all of his real estate, including the above tracts of land, to Georgia A. Beard for life with remainder in fee simple to Harry Franklin Beard, the son of the plaintiff and Georgia A. Beard. Harry Franklin Beard died intestate and without issue on October 28, 1933, leaving his mother, Georgia A. Beard, and his father, G. C. Beard, the plaintiff, as his only heirs at law, and Louise Beard, as his widow, who subsequently married Alfred McNeel and is the defendant Louise McNeel. Upon the death of Harry Franklin Beard, Georgia A. Beard, the owner of a life estate in the two tracts of land under the will of Thomas F. Callison, and the plaintiff, as the heirs of their son, each became the owner of an undivided one half interest in remainder in these lands, subject to the dower of Louise McNeel.

The plaintiff and Georgia A. Beard used and possessed these lands and another tract of 210 acres of land owned by Georgia A. Beard until her death on November 20, 1944. For several years before her death these tracts were entered for assessment of taxes on the land books as 901 acres in the name of Georgia A. Beard, and after her death the plaintiff continued to use and possess the three tracts of 191 acres, 502 acres and 210 acres, as he and she had previously used and possessed them. He was appointed and acted as administrator of the personal estate of his wife under her will and as administrator of the personal estate of his son, Harry Franklin Beard, and made final settlements of both estates. The three tracts of land were appraised as assets of the estate of Georgia A. Beard and the appraisement was approved and accepted by him as her administrator. From his use of these lands since the death of his wife the plaintiff has received and retained

as rents, issues and profits approximately $3,000.00. He is the owner of other lands containing about 300 acres, is a successful farmer, an experienced and well to do business man, a director in one of the banks in his county, and has engaged in several real estate transactions.

The will of Georgia A. Beard, the meaning and the effect of which must be determined in the decision of this case, is in these words:

"I, Georgia A. Beard, of Hillsboro, West Virginia, being of sound and disposing mind, do hereby make my will this, the twenty-ninth day of October, Nineteen Hundred and Forty-three (1943).

"First: I hereby bequeath to Mrs. Nina Twiraga, of Sharon, Massachusetts, one hundred dollars in cash.

"Second: I hereby bequeath to Mrs. Louise B. McNeel all the balance of my personal property, bonds, money etc.

"Third: I hereby bequeath to my husband, George Cameron Beard, all my real estate listed on the land books of Little Levels District, Pocahontas County, West Virginia, as nine hundred and one (901) acres to hold and use his lifetime; and after his death my said land (real estate) is to be divided as follows:

"Fourth: Dennie M. Callison is to receive one hundred and ninety-one (191) acres, known as the Cochran farm.

"Fifth: Kyle N. Beard is to receive two hundred and ten (210) acres situated in Little Levels District over between Lobelia and Jacox, West Virginia, known as the Clutter farms, listed on land books in two tracts.

"Sixth: The home place of five hundred (500) acres is to be divided equally between the fol-

lowing two (2) boys: Harry Richard Callison, Dennie M. Callison's son, and Richard Coe Callison, Elba Callison's son.

"It is strictly understood that the division of real estate is not to be made till after George Cameron Beard's death.

"Further, Mrs. Louise B. McNeel is to take care of George Cameron Beard, my husband, and myself during our lifetime, to compensate for the personal property she is to receive.

(Signed) GEORGIA A. BEARD.

Witness: J. S. KELLISON

Witness: G. L. CARLISLE."

The bequests to Nina Twiraga and Louise McNeel were paid by the administrator and Louise McNeel received $48,324.46. She has cared for the plaintiff as required by the will and she and her husband have resided with him in his home at Hillsboro.

No claim by Elizabeth Callison, the other defendants, or any other person, to the undivided one half interest of the plaintiff in the 191 acre tract and the 502 acre tract was made or asserted prior to the institution of this suit. The plaintiff alleges in his amended and supplemental bill of complaint that he has occupied, used and possessed the whole of the 191 acres and the 502 acres of land by virtue of the will of Georgia A. Beard and as an heir at law of his son, Harry Franklin Beard. He did not renounce, within the time or in the manner provided by Code, 1931, 42-3-1, the will of his wife, and he testified that he knew of and was satisfied with its provisions. It appears that the plaintiff knew that his son, Harry Franklin Beard, was the owner of the tracts of land of 191 acres and 502 acres and that his wife owned a life estate in these lands, under the will of her father, Thomas F. Callison, but that he entertained the belief that, as they were lands of Thomas F. Callison, they would revert to the Callison estate after the

death of the plaintiff; that he thought he had only a life estate in them; and that he did not know that he owned an undivided one half interest in them as an heir of his son until he was unexpectedly told that he owned such interest by an attorney in a conference concerning a pending claim for inheritance taxes against his wife's estate, at Marlinton, on July 15, 1946, after the death of Richard Coe Callison. After he learned that he owned such interest he promptly so informed Elizabeth Callison and Dennie M. Callison and, on November 22, 1946, instituted this suit to quiet and establish his title to his undivided interest, and his dower in his wife's undivided interest, in the two tracts of land.

In seeking reversal of the final decree the defendant and appellant, Elizabeth Callison, in substance assigns as error the action of the circuit court: (1) in holding that the plaintiff had not elected to take a life estate in the 901 acres of land devised to him by the will of Georgia A. Beard or to take an undivided one half interest in the two tracts of 191 acres and 502 acres as an heir of Harry Franklin Beard and dower in the other undivided one half interest in these tracts of land; (2) in requiring and permitting the plaintiff to make such election; (3) in permitting the plaintiff to renounce the will contrary to the provisions of the applicable statute; and (4) in granting the plaintiff the relief decreed to him, or any relief, in this suit.

The plaintiff contends that the will of Georgia A. Beard does not require him to elect to take under the will or to take an undivided one half interest in the two tracts of 191 acres and 502 acres as an heir of Harry Franklin Beard and his dower in the other undivided one half interest of his wife in these lands; that if he is required so to elect, he is entitled to make such election in this suit; and that the action of the court in permitting him to elect to take an undivided one half interest, as an heir of Harry Franklin Beard, and his dower in the other undi-

vided one half interest of his wife, in the two tracts of 191 acres and 502 acres, and in granting him the relief decreed, was correct and proper.

The doctrine of election in connection with testamentary instruments, where applicable, requires a person who is given a benefit under a will to determine whether to accept such benefit or to assert some other claim which he has against the estate of the testator or the property disposed of by the will. It depends upon the intention of the testator, and whether it applies, in a particular situation, gives rise to and requires determination of questions of testamentary construction. 57 Am. Jur., Wills, Section 1526. As applied to a will it means that a person can not take any beneficial interest under the instrument and, at the same time, set forth any inconsistent right or claim which would defeat the will. Where a legatee or a devisee has an interest, statutory or otherwise, in the property devised or bequeathed, which is independent of any rights given by the will, and it appears that the testator did not intend that the beneficiary should have both, an election between the two becomes necessary. Annotations, 49 L. R. A. (N.S.) 1073. "Before a testamentary beneficiary whose property is apparently disposed of by the will in question is required to make an election, the testator's intention to dispose of property which did not belong to him must clearly and unmistakably appear, and if the will is reasonably susceptible of the construction that the testator intended to dispose only of property belonging to him, as where the provision for the beneficiary holding an independent claim is in general terms, such as 'my real property' or 'all my estate,' which might, of course, be properly construed as being confined strictly to property over which the testator had a power of disposal, no election is required." 57 Am. Jur., Wills, Section 1557. Ordinarily when a testator owns an undivided interest in property and uses general language in disposing of it, such as "all my lands" or "all my estate", the beneficiary who owns an interest in the same property and who

accepts a benefit given him by the will is not required to make an election for the reason that it does not clearly appear that the testator intended to dispose of property which he did not own. *Waggoner v. Waggoner,* 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N.S.) 644; *Penn v. Guggenheimer,* 76 Va. 839.

It is well settled that a person who accepts a benefit under a will must adopt its contents as a whole, conform to all its provisions, and renounce every right inconsistent with the instrument, and that when a testator has undertaken to dispose of property not his own, and has given a benefit to its owner, who accepts such benefit, such owner must make good the disposition of the property attempted by the testator. *Rau v. Krepps,* 101 W. Va. 344, 133 S. E. 508; *Tolley v. Poteet,* 62 W. Va. 231, 57 S. E. 811; *Moore v. Harper,* 27 W. Va. 362. It is equally well settled, however, that in order to make a case of election, the will itself must show a clear intention upon the part of the testator to dispose of property which he does not own. *Moore v. Harper,* 27 W. Va. 362; *Gregory v. Gate,* 30 Gratt. 83; *Penn v. Guggenheimer,* 76 Va. 839; *Waggoner v. Waggoner,* 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N.S.) 644.

The necessity for an election can never arise from an uncertain or dubious interpretation of the clause of donation; and the intention of the testator to dispose of that which he does not own must be clear and unmistakable and must appear from language which is unequivocal and leaves no room for doubt as to his design. When a testator owns an undivided or partial interest in the property bequeathed or devised, the presumption is that he intended to dispose of only that which he might properly dispose of, and nothing more; and this presumption will always prevail unless it clearly appears, by plain demonstration or by necessary implication, that the testator intended to dispose of the whole estate. The intention of the testator need not, however, be expressed or declared, but may be ascertained from consideration of the whole will and of each of its parts. The dispositions of the will,

fairly and reasonably interpreted, may clearly show the design of the testator to bestow upon the beneficiary property which in fact belongs to another person; and when a testator, owning an undivided or partial interest in property, bequeaths or devises it specifically, thus indicating his intention to bestow it as an entirety, and gives the owner of an interest in the property some interest in the estate of his testator, a case of election arises. *Penn v. Guggenheimer,* 76 Va. 839.

With the foregoing principles in mind, it is necessary to consider the meaning and the effect of the applicable provisions of the will of Georgia A. Beard, in order to determine whether it requires the plaintiff to elect to take under the will or to take the undivided interest claimed by him as an heir of his deceased son and dower as the surviving spouse of the testatrix in her undivided interest in the two tracts of 191 acres and 502 acres contrary to and independently of that instrument. The first pertinent provision is that the testatrix gives to her husband, the plaintiff, to hold and use during his lifetime "all my real estate" which is referred to as listed on the land books as 901 acres. The quoted words, which describe the real estate in question, are general in character. The will then continues with the statement that after the death of her husband "my said land (real estate)" is to be "divided" and that Dennie M. Callison is to "receive" 191 acres, known as the Cochran farm, Kyle N. Beard is to "receive" 210 acres, known as the Clutter farms, and "the home place of five hundred (500) acres" is to be "divided" equally between Harry Richard Callison and Richard Coe Callison. The will then expressly provides that the division of real estate is not to be made until after the death of the life tenant.

The initial reference in the 'above mentioned provisions to the real estate involved is couched in general language and indicates that the testatrix intended only to dispose of the estate or the interest which she owned in it and noth-

ing more than her undivided interest in the tracts of 191 acres and 500 acres included in the 901 acres listed on the land books which is expressly designated by her as "all my real estate" and which also included her entire interest or estate in the 210 acres. The subsequent reference to the 191 acres, the 210 acres, and the 500 acres, though identifying each of the tracts by its known designation, specifies the manner in which the land shall be divided and is qualified by the twice expressed limitation that the division of "my said land (real estate)" or of "real estate" shall not be made until after the death of the husband of the testatrix.

The language used indicates, by necessary implication, that the testatrix recognized the existing undivided interest of her husband in the two tracts of 191 acres and 502 acres included in the land expressly mentioned by her as "all my real estate" and "my said land (real estate)", and intended to continue, and not to disturb, the status which existed at the time of her death, until the death of her husband, and that it was her intention that at that time the three designated portions of her real estate should be divided with respect to the undivided interest of her husband and her undivided interest in two of them so that her undivided interest in the 191 acres should be "received" by Dennie M. Callison, her undivided interest in "the home place of five hundred (500) acres" should "be divided equally between" Harry Richard Callison and Richard Coe Callison, and her entire estate in the 210 acres should be "received" by Kyle N. Beard.

Whatever may have been the purpose of the testatrix, Georgia A. Beard, it can not be said that the language used by her indicates her clear and unmistakable intention to give to any of the devisees named in her will that which she did not own; or that such language is unequivocal or leaves no room for doubt as to her intention to dispose of the entire estate in the lands devised; or that the dispositions which she undertook to make by her will, when

given a fair and reasonable interpretation, show a clear design upon her part to bestow upon any of her devisees any property which in fact belonged to her husband. The presumption that the testatrix intended to dispose of that which she might properly dispose of, and nothing more, which must prevail unless her intention to dispose of the whole estate is clearly manifested by plain demonstration or by necessary implication, is not overcome or destroyed by the generally equivocal and uncertain language of her will in that respect when that instrument is weighed and considered in all its material parts and in its entirety. Application of the principles essential to, and which govern, a case of election, heretofore stated, to the will of Georgia A. Beard, impels the conclusion that the language of that instrument does not give rise to a case of election or require the plaintiff to choose between the life estate devised to him in the lands of the testatrix and the undivided one half interest in the tracts of 191 acres and 502 acres owned by him as an heir of Harry Franklin Beard, and the dower owned by him, in the other undivided one half interest of his wife in these lands, as her surviving spouse.

In view of the foregoing conclusion that the plaintiff is not required by the will to make an election, it is unnecessary, in the decision of this case, to determine the questions, posed by the defendant Elizabeth Callison, whether the plaintiff, by his acts and conduct, recited earlier in this opinion, in using and possessing the 901 acres of land under the will of Georgia A. Beard, in retaining rents, issues and profits received from them by him, in acting as her administrator, and in making final settlement of her estate as such, elected to take the life estate devised to him by the will and, if he has so elected, whether such election, under the facts of this case, is irrevocable or may be disregarded and the plaintiff permitted to make a new election.

It should be observed, however, that even if it could be said that the plaintiff was put to his election by the will of Georgia A. Beard, it is clear that his course of

conduct prior to the institution of this suit did not constitute or establish a binding election upon his part. Though he knew that his son was the owner of the 191 acres and the 502 acres, subject to the life estate of his wife, he entertained the belief that these lands after his death would go to the Callison estate, and he did not know or realize the character or the extent of his ownership of any interest in them until he was somewhat accidently informed of the true nature of his undivided interest as an heir of his son and his dower in his wife's other undivided interest as her surviving spouse. It is also clear that he did not know or understand the requirements of the doctrine of election. His ignorance of this rule of equity, however, is not within the maxim that ignorance of the law is no excuse, for the reason that the rule is considered as a matter of fact rather than as a matter of law and misconception of its application or effect is regarded as a mistake of fact. *Gilbert v. McCreary,* 87 W. Va. 56, 104 S. E. 273, 12 A. L. R. 1172; *Tolley v. Poteet,* 62 W. Va. 231, 57 S. E. 811; *Waggoner v. Waggoner,* 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N.S.) 644. When a person has elected to take under a will by reason of a misconception of fact as to his rights and interests under the instrument, an election so made is not binding and will be disregarded when other persons affected can be restored to substantially the same situation in which they were when such election occurred. *Simmons v. Simmons,* 177 Va. 629, 15 S. E. 2d 43; *Waggoner v. Waggoner,* 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N.S.) 644; *Showalter's Ex'rs. v. Showalter's Widow,* 107 Va. 713, 60 S. E. 48; *Dixon v. McCue,* 14 Gratt. 540; *Gilbert v. McCreary,* 87 W. Va. 56, 104 S. E. 273, 12 A. L. R. 1172; *Tolley v. Poteet,* 62 W. Va. 231, 57 S. E. 811. If a person who is required to elect between two properties continues to possess or enjoy both or to receive rents, issues and profits from them, and is not required by another person interested to elect, such conduct of the person in possession does not indicate an intention to take one and to reject the other and does not constitute an election upon his part. *Brame v. Read,* 136

Va. 219, 118 S. E. 117; *Waggoner v. Waggoner*, 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N.S.) 644. To justify an inference of election from the conduct of the beneficiary, it must appear that he knew of his right to elect, not merely of the instrument conferring that right, and that he had full knowledge concerning the property involved. *Owens v. Andrews*, 17 N. M. 597, 131 P. 1004, 49 L. R. A. (N.S.) 1072. The acts of the plaintiff, prior to the institution of this suit, in claiming under the will the real estate possessed by him, did not interfere with or prejudice any right of any of the defendants under or by virtue of the will of Georgia A. Beard. By its terms the interest in the 500 acres devised to Harry Richard Callison and Richard Coe Callison was not to be "divided" between them until the death of the plaintiff and in consequence neither of them was entitled to possession of any part of the land or any rents, issues or profits from it until after his death. The defendants Elizabeth Callison and Samuel Callison, an infant, who take the interest devised to Richard Coe Callison as his heirs, are subject to the limitation imposed upon him in that respect by the provisions of the will.

As the owner of a life estate in the undivided one half interest of the testatrix in the 191 acres and the 502 acres and in the tract of 210 acres in its entirety, as the owner of the other undivided one half interest in the first mentioned two tracts as an heir of his deceased son and of an unassigned dower in all three tracts as the surviving spouse of the testatrix, subject to the unassigned dower of Louise McNeel in the two tracts of 191 acres and 502 acres, the plaintiff was entitled to possession, use and enjoyment of all the real estate of Georgia A. Beard and, in receiving and retaining rents, issues and profits from it, he invaded or prejudiced no right or interest of any defendant claiming any real estate under her will. On the contrary, however, the claim of the defendant Elizabeth Callison, advanced for the first time by her answer in this suit, that by electing to take under the will the plaintiff relinquished and deprived himself of his undivided one

half interest in the 191 acres and 502 acres, if sustained, would enlarge, by reason of this loss by the plaintiff, her interest in the 502 acres to the extent of increasing it from an undivided one eighth to an undivided one fourth of the whole of that tract of land. Her enrichment in this manner was clearly not intended by the testatrix and, in the existing circumstances, should not be recognized by a court of equity and, as already indicated, will not be approved or sanctioned by this Court. It should also be observed that the only party to this litigation who has been deprived of any benefit under the will of Georgia A. Beard by the conduct of the plaintiff is the plaintiff himself who has relinquished one third of the personal estate of $48,324.46 bequeathed to Louise McNeel by his failure or refusal to renounce the will and to claim his share of the personal estate of Georgia A. Beard as her surviving spouse.

The provision in the will of Georgia A. Beard devising a life estate to the plaintiff in her real estate does not require him to elect to take the life estate devised or to take his dower in her real estate as her surviving spouse. "Generally, where the will gives the widow a life estate in property in which she has dower, that simple fact does not put her to an election, because there is no inconsistency between dower and the life estate. The dower is not merged in the life estate." *Jacobs v. Jacobs,* 100 W. Va. 585, 131 S. E. 449.

The contention of the defendant Elizabeth Callison that the circuit court erred in permitting the plaintiff to renounce the will of Georgia A. Beard more than eight months after its probate is without any basis in fact or in law. It is manifest that the plaintiff never renounced the will in the manner provided by Code, 1931, 42-3-1, or at any time made any attempt to do so, and the final decree contains no reference to that matter. The action of the court in holding that the plaintiff was required to elect, that he had not elected, and in permitting him to elect, did not permit him to renounce the will under the statute and,

as the time provided in which to renounce had then expired, he did not and, of course, could not, renounce the will under the statute. In *Waggoner v. Waggoner*, 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N.S.) 644, in considering whether a statute of that State, Code of Virginia, 1904, Section 2271, which required a widow to elect between jointure and dower in her husband's estate by a writing acknowledged and recorded within a specified time, applied to a case of election where the testator disposed of property belonging to his wife in her own right and also made provisions for her by his will, it was held that such statute did not apply to a situation of that kind but was intended to provide the procedure for a widow who desires to reject a devise by her husband of property other than her own and to take such interest in his land as the law gives her. In so holding and in considering that statute, the Court adopted and incorporated in its opinion this quotation from the earlier case of *Pence v. Life,* 104 Va. 518, 52 S. E. 257: "It was intended to provide how a widow must proceed who desires to reject the provisions made for her by her husband's will out of property other than her own and take such interest in his lands as the law gives her. Where a testator disposes of property belonging to his wife in her own right, and also makes provision for her by his will, she has the same right of election as to such property as any other person, and whether or not she has elected to take under or against the will is to be determined as in other cases." On this question in general, 57 Am. Jur., Wills, Section 1560, uses this language: "Elections by a surviving spouse between a provision in his or her favor in the will of the deceased spouse and some right or rights given him or her by law in the estate of the decedent are commonly provided for and regulated by express statutory provisions and are to this extent governed by somewhat different considerations than are applicable to elections by one holding an independent title or claim to property purportedly disposed of by the will, the statutes generally being construed as inapplicable to elections of the latter kind."

Code, 1931, 42-3-1, which relates to renunciation of a will by husband or wife and deals with the manner and the time within which such renunciation may be made and the share in the estate of the decedent to which the spouse renouncing the will shall be entitled, is analogous in purpose to the Virginia statute considered by the Court in the *Waggoner* case. In *The Bruceton Bank v. Alexander*, 83 W. Va. 573, 98 S. E. 804, in considering an earlier and substantially similar statute, Code, 1899, Chapter 78, Section 11, which dealt with the renunciation of a will by a husband or a wife, this Court held that the plain spirit and intent of such statute was to require a husband or a wife to elect between rights under a will and under general law. As the present statute, Code, 1931, 42-3-1, deals with the rights of the renouncing spouse, in the estate of the decedent, under the will and under general law, it does not require a husband or a wife to renounce the will of his or her spouse in order to elect between property owned by such spouse independently of the will which is disposed of by the testator and property of the testator willed to such spouse or to which such spouse is entitled under general law. Though there may have been no renunciation of a will, as provided for by the statute, when a person by will disposes of property belonging to his or her spouse in his or her own right and also makes provision for such spouse in the will, he or she has the same right, and is under the same duty, of election as to such property as any other person, and whether such spouse has elected to take under or against the will may be determined as in any other case of election. Otherwise stated, without renouncing a will under the statute, a husband or a wife may elect, or be required to elect, to take property of the testator given by the will, or to take against the will property independently owned by such husband or wife which has been disposed of by the will and property of the testator to which such husband or wife is entitled under general law. As already determined, however, no case for an election by the plaintiff arose under the will of Georgia A. Beard and, in consequence, there was no necessity for him to renounce the will under the statute.

In so far as the final decree of June 15, 1948, holds that the will of Georgia A. Beard raises a case of election and requires the plaintiff to take under or against its provisions, it is erroneous and is now corrected and modified to hold that the plaintiff is not required to elect to take under or against the will but is entitled to the undivided interest vested in him as an heir of Harry Franklin Beard, and his dower in the other undivided interest of Georgia A. Beard, as her surviving spouse, in the two tracts of 191 acres and 502 acres, and the life estate devised to him by her will. In all other respects the decree of the circuit court is affirmed.

*Modified and affirmed.*