# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**PATRICIA WEYANDT, as Executrix
of the Estate of Billy R. Lambert,
Plaintiff Below, Petitioner**

**FILED
April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-254**      (Cir. Ct. of Mercer Cnty. Case No. CC-28-2024-C-262)

**WALTON ENGLAND, KEITH ENGLAND,
JERRY ENGLAND, SHARON HANSHAW,
DARLENE GRIFFEY, HEATHER TIGNOR,
and DIANE TERRY,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Patricia Weyandt appeals the May 23, 2025, order from the Circuit Court of Mercer County, which denied her motion for summary judgment and granted summary judgment in favor of Respondents Walton England, Keith England, Jerry England, Sharon Hanshaw, Darlene Griffey, Heather Tignor, and Diane Terry. Respondents filed a response.[1] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter involves a dispute over the division of assets as set forth under the Will of Billy R. Lambert ("Husband"). The dispute is between Husband's children, and the children of his predeceasing wife, Irene Lambert ("Wife"). According to the circuit court's order, the facts are as follows.

Husband and Wife did not have any children together. Instead, Husband had two biological children: petitioner and William Ray Lambert. Respondents are the biological children of Wife.

---

[1] On appeal, petitioner is represented by Gavin Ward, Esq. Respondents are represented by Jerad K. Horne, Esq.

1

By Deed dated September 3, 2003, Wife conveyed her real estate located at 358 Johnston School Road ("Property") to herself and Husband, as joint tenants with rights of survivorship. Thereafter, a Corrective Deed was recorded on January 20, 2004, in which Husband and Wife conveyed the property to themselves as tenants in common, and not as joint tenants, with each of them thereafter owning a one-half interest in the Property.

In 2012, Husband and Wife executed mutual wills, leaving all their property to each other. However, prior to her death on January 14, 2017, Wife executed a new will on May 27, 2016, conveying her one-half Property interest to Husband. As such, upon Wife's death on January 14, 2017, her one-half Property interest was transferred to Husband in accordance with her will. Notably, Article II of Wife's will pertains to the Property and provides as follows:

> 2.1) I hereby give and devise unto my spouse the real estate [that] constitutes our marital residence, which is located three (3) miles east of Princeton, East River District, in Mercer County, West Virginia, and more particularly described in the deed at record in the Office of the Clerk of the County Commission of Mercer County, West Virginia, in Deed Book 865, at Page 509, for so long as my spouse continuously occupies the property as his primary residence.

> 2.2) If my spouse predeceases me, or [c]eases to occupy our marital residence as his primary residence or upon my spouse's death if he survives me, I hereby give and devise unto the Trustee hereinafter named the aforesaid real estate where my marital residence is located and direct that the Trustee sell said real estate or any interest therein and divide the proceeds equally between my children and their issue, *per stirpes*.

The circuit court found that in accordance with Section 2.1, Wife's one-half Property interest passed to Husband subject to the condition that he continuously occupied the property as his primary residence. The court also found that the language of Section 2.1 operated to grant Husband a life estate in Wife's one-half interest and, thus, upon Husband's death, Wife's one-half interest reverted to her estate to be governed by Section 2.2 of her will, which directs her trustee to "sell said real estate or any interest therein and divide the proceeds equally between my children and their issue, *per stirpes*."

Husband died on April 27, 2024. Article IV of Husband's will addresses the Property, as follows:

> I direct that my executor sell the real estate located at 358 Johnston [School] Road, Princeton, West Virginia, and divide the proceeds from the sale as follows: 1. One-half of the proceeds to be divided equally between my

2

children, William Ray Lambert and Patricia Lynn Weyandt; 2. One-half of the proceeds to be disbursed to [Wife]'s children and their issue per st[ir]pes.

The Property sold around June 19, 2024, for the total purchase price of $169,900, with Husband's and Wife's separate estates each receiving half of the net sale proceeds. Central to this case, Husband's children assert that the intent of their father's will was for the Property to be sold, and proceeds from the total purchase price divided equally amongst the two groups of children. Stated another way, Husband's children contend that they would receive and equally split half of the net proceeds from the Property's sale with Wife's children receiving the remaining half to split equally among themselves. Conversely, Wife's children assert that because Husband only owned a one-half interest in the Property, his will speaks exclusively to his one-half interest, and that his testamentary desire was for his half share of the net proceeds to be split equally between both groups of children. Thus, Wife's children maintain that by operation of both wills, they are entitled to receive three-fourths of the proceeds from the sale of the Property and Husband's children are to receive the remaining one-fourth.

A petition for declaratory relief was filed by petitioner on October 18, 2024, which sought a judicial determination regarding ownership of Husband's share of the proceeds from the Property's sale and authorization to distribute those proceeds.[2] Attached to the petition was an affidavit from the attorney who drafted Husband's will. According to the affidavit, Husband intended for his children to receive one-half of the Property's total purchase price, with the remaining one-half passing to Wife's children. That affidavit further stated that Husband never expressed an intent for his will to effectuate the three-fourths/one-fourth split as posited by Wife's children. Petitioner filed a motion for summary judgment to which respondents filed a response,[3] and thereafter petitioner filed a reply. At summary judgment, the parties each argued that the intent of Husband's will was clear and unambiguous but offered different interpretations of that intent for the court's consideration. The court heard the motion on May 19, 2025, and later entered the order on appeal.

---

[2] Petitioner was represented by different counsel at the trial court level.

[3] Respondents did not file a separate cross-motion for summary judgment, though they asked the circuit court to grant summary judgment in their favor in their response to petitioner's motion. However, that did not preclude the circuit court from entering summary judgment in their favor. *See Gastar Expl. Inc. v. Rine*, 239 W. Va. 792, 798, 806 S.E.2d 448, 454 (2017) (noting that it is well established that "summary judgment may be rendered against the party moving for judgment and in favor of the opposing party even though the opposing party has made no motion for summary judgment").

Based upon its factual findings, the circuit court provided the following analysis and conclusions with respect to its interpretation of Husband's will:

> The [c]ourt concludes that [Husband]'s intent is made clear by his Will. The Will clearly states the real estate located at 358 Johnston Road is to be sold and the proceeds from the sale to be divided, one-half to be divided equally between his children William Ray Lambert and Patricia Lynn Weyandt, and one-half disbursed to [Wife's] children. [Husband]'s Will is unambiguous, and because it is unambiguous under West Virginia law extrinsic evidence regarding [Husband]'s testamentary intent is not admissible.
>
> Moreover, it is an undisputed fact that [Husband] only owned one-half (1/2) interest in the property. By Deed of Correction dated January 20, 2004, [Husband and Wife] conveyed the property unto themselves as tenants in common, and not as joint tenants, with each of them thereafter owning a one-half (1/2) interest in the property. [Husband] can only control his interest in the property by his Will. The Court concludes that [Husband] only owned a one-half (1/2) interest in the property, and his Will clearly reflects that the proceeds from the sale of his interest in the property must be divided between his children and [Wife]'s children equally.
>
> The [c]ourt declares that [Husband] intended that his one-half (1/2) interest in the property located at 358 Johnston Road, Princeton, West Virginia, be sold and the proceeds from the sale divided between his children and [Wife]'s children equally.

In sum, the circuit court's order denied petitioner's motion for summary judgment. Instead, the court entered summary judgment on behalf of respondents and awarded them an equal share (one-fourth of the overall proceeds from the sale of the Property) of the proceeds from the sale of Husband's one-half interest. The circuit court's order dismissed the case and this appeal followed.

In West Virginia, it is well established that our standard of review in this matter is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply, and that standard states, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 2 (citation modified). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). "The party opposing summary

judgment must satisfy the burden of proof by offering more than a mere scintilla of evidence and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337 (citation modified).

On appeal, petitioner asserts four assignments of error to challenge the circuit court's summary judgment ruling. We find it appropriate to consolidate and restate those arguments for the purposes of this appeal. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues); *Perry v. Ravenscroft*, No. 24-ICA-134, 2024 WL 5002991, at *3 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (consolidating and restating petitioner's assignments of error on appeal). Restated, petitioner contends that the circuit court erred by failing to find that Husband's will was ambiguous. Alternatively, petitioner argues that the circuit court should have found that Husband and Wife executed mutual or reciprocal wills. We will address these arguments in turn.

Regarding the issue of ambiguity, petitioner contends that the record establishes that Husband's will is ambiguous with respect to the disposition of the Property and, thus, the circuit court erred by not finding that an ambiguity existed and permitting the use of extrinsic evidence to explain Husband's testamentary intent. In support, petitioner asserts that a latent ambiguity was created by the phrase "the real estate" as used in Article IV of Husband's will because it is unclear whether Husband was referencing the Property as a whole, or just the one-half interest he held under the Corrective Deed. *See Flanagan v. Stalnaker*, 216 W. Va. 436, 440 n.4, 607 S.E.2d 765, 769 n.4 (2004) ("A latent ambiguity arises when the instrument upon its face appears clear and unambiguous, but there is some collateral matter which makes the meaning uncertain." (citing *Collins v. Treat,* 108 W. Va. 443, 446, 152 S.E. 205, 206 (1930))). It is petitioner's view that in the absence of evidence establishing Husband's clear intent, the circuit court erroneously concluded that Husband's testamentary intent was clear and that his will disposed only of the one-half Property interest he held as a tenant in common. We are not persuaded by this argument.

On this issue, we observe that petitioner did not argue the issue of latent ambiguity below.[4] This is evidenced by petitioner's contention in her summary judgment motion that

---

[4] Rather, petitioner's substantive argument below was that the unambiguous language of Husband's Will rebutted the legal presumption that he only intended to dispose of his one-half interest in the Property and instead established a testamentary intent to dispose of the entire Property. *See Beard v. Callison*, 133 W. Va. 121, 130, 54 S.E.2d 568, 573 (1949) ("When a testator owns an undivided or partial interest in the property . . . the presumption is that he intended to dispose of only that which he might properly dispose of . . . and this presumption will always prevail unless it clearly appears . . . that the testator

"[Husband's] intent is clear and unambiguous based on . . . the express language of the [w]ill." Moreover, petitioner's counsel continued to stand by this position at the May 19, 2025, motion hearing, stating to the circuit court that "the will is so clear." This alone is a sufficient basis to find that this argument fails, as this Court generally does not address nonjurisdictional issues that were not raised below. *See State v. Costello*, 245 W. Va. 19, 26, 857 S.E.2d 51, 58 (2021) (citation modified) ("Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal. We have invoked this principle with near religious fervor."); *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999) ("Our general rule is that nonjurisdictional questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal).

The Court is equally unpersuaded by petitioner's related contention that the circuit court's finding that Wife's will granted Husband a life estate bolsters her ambiguity argument. Petitioner also contends that the same is true even if the court's finding of a life estate is clearly wrong. However, we find no merit in this position. Here, petitioner's argument rests on isolated language from two decisions from the Supreme Court of Appeals of West Virginia, followed by the summary conclusion that petitioner has established error below. Not only do neither of those decisions apply to the argument framed by petitioner, but petitioner also fails to apply those limited authorities to the facts of this case. Moreover, petitioner's contention is further discredited by its complete lack of citation to the record below. To that end, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal" and that "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." Significantly, petitioner fails to cite where the alleged error is contained in the circuit court's order. Petitioner also fails to establish where in the record this argument was made below and preserved for appeal. Therefore, petitioner's argument is merely an assertion, which does not preserve this claim on appeal. *See State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011). As such, we afford petitioner no relief on this issue.[5]

_____

intended to dispose of the whole estate."). However, because petitioner does not substantively reassert this argument on appeal, the Court will not address it herein.

[5] The Court does not agree with the circuit court's finding that the language of Wife's will granted Husband a life estate in her Property interest. Instead, we believe that the will's use of the conditional language "for so long as my spouse continuously occupies the property as his primary residence," created a fee simple determinable estate. However,

Lastly, petitioner offers the alternative argument that the circuit court erred by not finding that Husband and Wife executed mutual wills. We decline to address this argument because according to the May 19, 2025, hearing transcript, the circuit court directly asked the parties' counsel if mutual wills was an issue in this case and both explicitly stated that it was not. As such, we deem this argument waived.[6]

Accordingly, we find no error and affirm the circuit court's May 23, 2025, order.

Affirmed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

we find the court's error to be harmless because regardless of whether Wife devised Husband a life estate or fee simple determinable estate, her Property interest reverted to her estate upon Husband either no longer using the Property as his primary residence or his death. Thus, the nature of Wife's devise is immaterial to the distribution of Husband's estate, which is the subject of this appeal. As such, even if petitioner had properly challenged this issue, it would not establish reversible error with respect to the circuit court's ruling presently before the Court.

[6] Petitioner's argument on this issue also fails to conform to the requirements of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

7